## LOZANO et ux. v. THOS. W. BLAKE LUMBER CO. (No. 8198.)

Court of Civil Appeals of Texas. San Antonio. April 24, 1929.

E. T. Yates, of Brownsville, for appellants.

P. G. Greenwood, of Harlingen, for appellee.

SMITH, J. G. M. Lozano and wife entered into a contract with R. W. Mulhausen, W. R. Mulhausen, and E. J. Meyers, acting jointly as building contractors, whereby the contractors obligated themselves to furnish the labor and materials and construct a three-story brick building in the city of Harlingen for the Lozanos, for a stipulated consideration of $47,000, for which amount the latter executed and delivered their two notes, to mature in six months, one for $2,000, payable to R. W. Mulhausen, and one for $45,000, payable to W. R. Mulhausen and Meyers. The Lozanos also executed and delivered a mechanic's and materialman's lien upon the property to be improved, to secure the payment of the $45,000 note. The payees then assigned the $45,000 note and lien to T. W. Blake, doing business under the trade-name of T. W. Blake Lumber Company, who thereupon assumed to finance the construction of the building under the contract. The work was begun, but progressed only to the extent of removing existing structures from the premises to be improved, and making some of the preliminary excavations thereon, when it ceased and the project was abandoned by all parties. This preliminary work was done by the contractors at an expense of $569.18, which was advanced to the contractors by Blake. When the project was abandoned Blake demanded of the Lozanos that they reimburse him for said expenditure, and upon their refusal sued them to recover said amount with interest and attorney's fees. The suit was founded upon the builders' contract and mechanics' lien, and was for the debt and for foreclosure of the lien, or, in the alternative, for the debt as upon the quantum meruit. Upon a trial the court denied the prayer for foreclosure, but rendered judgment in favor of Blake against the Lozanos for the amount of the debt. The Lozanos have appealed.

Under the terms of the builders' contract the contractors were obligated to construct the building in question at their own expense, and to complete it at a date coincident with the maturity of the notes appellants executed in consideration of that contract. By taking over the notes and lien appellee assumed the obligations, as he secured the benefits, of the contractors; he placed himself in their position, with reference to appellants. His right to recover therefore rested upon the contract. He did not perform the obligation of the contract to complete the building; his performance thereunder was not substantial, but only negligible. His cause of action was therefore upon the quantum meruit, under which his right to recover the amounts expended by him is restricted to such sums as were reasonable in amount, necessary to the undertaking, and of benefit to the owners to be charged therewith. No such showing was made to support the recovery in this case, and the judgment thereon has no proper basis.

If the suit had been for money expended by appellee in behalf of appellants, at appellants' instance and request, without reference to and independent of the contract, a different question would have been presented. But such is not the case, for the suit was purely upon the contract, by which alone the rights, obligations, and remedies of the parties must be measured.

The judgment is reversed, and the cause remanded.