## LOZANO v. THOMAS W. BLAKE LUMBER CO.

No. 8544.

Court of Civil Appeals of Texas. San Antonio. Feb. 11, 1931.

Rehearing Denied March 18, 1931.

E. T. Yates, of Brownsville, for plaintiff in error.

P. G. Greenwood, of Harlingen, for defendant in error.

FLY, C. J.

The defendant in error, Thomas W. Blake, sole owner of the lumber company, sued plaintiff in error for a debt of $569.18. The case was decided by the judge without a jury, and judgment was rendered for $569.18, with interest and costs.

This is a second appeal; the first being reported in (Tex. Civ. App.) 16 S.W.(2d) 983.

The original petition was filed July 25, 1928, and was on a contract, and in the alternative on a quantum meruit, and it sought to foreclose a mechanic's and materialman's lien on certain lots. After the case reached the trial court on the reversal and remanding thereof, defendant in error abandoned the allegations in his original petition and set up a new action for money advanced to plaintiff in error. It is alleged that the sums were advanced in May and June, 1927, and the amended petition was filed December 27, 1929. This was more than two years after the cause of action had accrued.

The leading case in Texas on the identity of causes of action where the question of limitations arises under amendments of pleadings is that of Phoenix Lumber Co. v. Houston Water Co., 94 Tex. 456, 61 S. W. 707. In that case the tests to be applied are discussed; the two most important being whether the case set up by amendment can be sustained by the same evidence as the original cause of action, and whether the same defenses in each case can be resorted to. Applying these rules to the instant case, we are of opinion that the amended petition sets up a new cause of action. In the original petition the allegations are largely devoted to the purchase of a promissory note secured by a materialman's lien on certain lots, and a recovery on the note and foreclosure of the lien was sought. In the alternative, the sum of money claimed was prayed for as a quantum meruit. The latter of course must be based on services performed under an implied contract to pay for the same according to their value. Neither of these causes of action was relied upon in the amended petition, which based recovery upon an allegation of money borrowed from defendant in error and never repaid. It is clear that a demand for recovery on a promissory note secured by a lien, or a demand on a quantum meruit, could

not be sustained or defeated by the same testimony as a demand for money loaned, when the demand was not claimed to be secured by a note and lien. The last demand was one totally different from those set out in the original petition, and would depend upon a different state of facts. As said in the case cited, the original case and the new cause of action must be essentially the same. They must be identical in order that the original action should halt the running of limitations against the amended claim. The plea of limitations should have been sustained.

The judgment is reversed, and judgment here rendered that defendant in error take nothing by this suit.