PHOENIX LUMBER COMPANY ET AL. v. HOUSTON WATER COMPANY.

No. 990. Decided April 1, 1901.

**1. Limitation—Amendment—Cause of Action Defined.**

A cause of action consists of the right claimed or wrong suffered by the plaintiff and the duty or delict of the defendant; and with reference to the pleadings by which it is alleged the phrase signifies "the facts upon which the plaintiff's right to sue is based, and upon which the defendant's duty has arisen, coupled with the facts which constitute the latter's wrong." (P. 462.)

**2. New Cause of Action—Test.**

It is not sufficient, to render the cause of action in an amended pleading the same as in the original, that they be similar in their nature, but they must be essentially identical. See petitions to which the test is applied, (1) would the same evidence support both of the pleadings, (2) are the allegations of each subject to the same defenses? (Pp. 460-464.)

**3. Same.**

See original and amended petitions in suit against a water company for property lost by fire through its failure to furnish sufficient water supply, held not to present the same cause of action,—the original being upon an alleged contract to furnish sufficient water and the amendment being for neglect of an implied undertaking resting upon the course of dealing between the parties. (Pp. 460-464.)

ERROR to the Court of Civil Appeals for the First District, in an appeal from Fort Bend County.

The Phoenix Lumber Company and Dillingham as its statutory assignee brought the suit against the Houston Water Company, in the District Court of Harris County, and numerous insurance companies intervened in the suit, claiming partial interests in the cause of action. The cause was transferred to Fort Bend County on change of venue. Defendant having judgment, plaintiffs and interveners appealed, and on affirmance obtained writ of error.

*Ewing & Ring* and *O. T. Holt,* for plaintiffs in error.—The sixth amended petition set up a cause of action for the injury resulting from the negligent doing of the service of supplying water, through the private fire hydrants on the premises, for the particular purpose of extinguishing fires, basing the duty of care on the relation created by per-

forming such service for pay; and such cause of action, suable at common law either ex contractu or ex delicto, and the same with or without an express agreement for the service, was not a new or different cause, but a cause that, in its gist and essence, had run through every superseded petition. Stuart v. Telegraph Co., 66 Texas, 580; Kauffman v. Wooters, 79 Texas, 214; Lee v. Boutwell, 44 Texas, 151; Kuhn v. Brownfield, 12 S. E. Rep., 519; Railway v. Dodd, 27 S. W. Rep., 227, 228; Railway v. Richards, 32 S. W. Rep., 96; 14 Enc. of Pl. and Pr., pp. 332-334, and cases cited.

The petition indubitably showed a good cause of action, warranting the claimed measure of recovery for the alleged injury from the negligent doing of the service being performed for pay. Whart. on Neg., secs. 435-437, et seq.; 1 Beach on Con., pp. 782, 795, secs. 648, 658, and cases cited; 1 Jacobs' Fisher's Dig., p. 114, citing English cases; Kuhn v. Brownfield, 12 S. E. Rep., 519; Railway v. Dodd, 27 S. W. Rep., 227; Nelson v. Harrington, 72 Wis., 592; 16 Am. and Eng. Enc. of Law, pp. 415-419, 424, 425, and cases cited; 14 Enc. of Pl. and Pr., p. 340; Sayles' Rev. Stats., art. 705; Stock v. City of Boston, 149 Mass., 410; 5 Thomp. on Corp., secs. 6015, 6279; Lottman v. Waterworks Co., 38 S. W. Rep., 357, 359.

The Court of Civil Appeals erred, by denying the third assignment, in failing to hold that the trial court committed error in sustaining the special exception by which it struck out as insufficient and improper the averments of the sixth amended petition touching the alleged ordinance of and contract with the city of Houston. The allegations ought not to have been expunged, inasmuch as the matter thereof was proper and competent, at least for introductory or explanatory purposes, as bearing on the position, relation, or standpoint of the parties in their alleged course of dealings, or as bearing on the business and powers of the defendant's predecessors, Houston Water Company. Sayles' Civ. Stats., art. 705; Reynolds' Stephen on Ev., art. 9, p. 17; Bradner on Ev., 273, 274; Railway v. Waterworks Co., 72 Fed. Rep., 227, 232; Smith v. Bank, 52 U. S. App., 441; Railway v. Gormley, 91 Texas, 399.

In support of a motion for rehearing, which was overruled, the same counsel further urged:

What then are the facts stated in the sixth amended petition for the cause of action? The answer admits of no doubt. They are (1) that the water company at and before the time of the fire, was doing for plaintiff the service for pay of supplying it with water, through the private fire hydrants, for extinguishment of fires on the premises; and (2) that the defendant, in doing the service, was guilty of negligence; and (3) that as a proximate result thereof, the stated injury occurred. These were the essential facts, the only essential facts, of a cause of action, as elementary law attests. Whart. on Neg., secs. 435-437, et seq.; 1 Beach on Con., pp. 782, 795, secs. 648, 658, and cases there cited; 1 Jacobs' Fisher's Dig., p. 114, citing English cases; Kuhn v. Brownfield, 12 S. E. Rep., 519; Railway v. Dodd, 27 S. W. Rep., 227;

Nelson v. Harrington, 72 Wis., 592; 40 N. W. Rep., 228, 230; 16 Am. and Eng. Enc. of Law, 415-419, 424-425, and cases cited; 14 Enc. of Pl. and Pr., p. 340; Sayles' Rev. Stats., art. 705; Stock v. City of Boston, 149 Mass., 410; 21 N. E. Rep., 871, 872; 5 Thomp. on Corp., secs. 6015, 6279; Lottman v. Waterworks Co., 38 S. W. Rep., 357, 359. The only remaining question is, did these facts of the last amendment appear in the earlier petitions? If they did, there was, there could have been, no new or different cause asserted on a test of limitation bar, however vaguely or indefinitely they may have so appeared, there being no special exception (Holstein v. Adams, 72 Texas, 489; Railway v. Hinzie, 82 Texas, 627, 83 Texas, 359), nor even if so defectively set up as to be bad on general demurrer. Killebrew v. Stockdale, 51 Texas, 529, 532; Kauffman v. Wooters, 79 Texas, 214. If the essential facts for cause of action in the sixth amendment, repeating what has been said, were set up, even vaguely and indefinitely, in the earlier petitions, it is plain beyond doubt on principle and precedent that there was no bar. Railway v. Richards, 32 S. W. Rep., 96; Lee v. Boutwell, 44 Texas, 151; Railway v. Dodd, 27 S. W. Rep., 227, 228; Kuhn v. Brownfield, 12 S. E. Rep., 519, 521, 522, a case directly in point. Now, we affirm, without fear of successful contradiction, challenging contradiction on quotation from the petitions, that every essential fact of the last petition is found, though in combination with other facts, in the earlier petitions. These facts are—we repeat to shut out room for mistake—(a) that the defendant was getting pay, at and before the fire, for supplying the premises with water for fire extinguishment; (b) that it was negligent in doing the service; and (c) that, as a proximate result thereof, the alleged injury happened.

*Hutcheson, Campbell & Hutcheson,* for defendant in error.—The third amended petition is a cause of action wherein the relation between the parties is alleged to consist of an express contract between the defendant in this cause and the M. T. Jones Lumber Company, of date 1883, by the terms of which all the relations between the parties (including the method, etc., of their constructing and operating the appliances placed on their private premises) were begun and were continued, and all the duties thereunder were expressed, defined, and regulated; and that by transfer to plaintiff of said express contract, the selfsame relations and duties existed between plaintiff and defendant. While the sixth amended petition denies the existence of said express contract, its transfer to them, that our relation begun or was continued thereunder, regulated or governed thereby, and alleges an implied contract (the negation of the existence of the express one they had pleaded) and adds the following material facts, to wit: All the allegations contained in the seventh paragraph of the sixth amendment, including the very material facts embraced in the closing sentence thereof.

And including all the allegations in paragraph 8 in which it alleges

that the Houston Waterworks Company "did supply said premises with water for it (Phoenix Lumber Company) for all the purposes of the business being conducted thereon, including fire extinguishment uses through the aforesaid fire equipments on said premises, uniformly charging therefor the sum of $25 per month for each month of said service, and making out and collecting its monthly bills therefor at that price in the name of it (Phoenix Lumber Company) and in consideration thereof, during all such period, said Phoenix Lumber Company undertook to and did pay it the sum of $25 per month for each month of such service."

The effect of said amendment was material in many respects, and most material in that it imposed on this defendant the proof of material facts admitted in the third amendment, to wit: (a) that there was an express contract between defendant and the M. T. Jones Lumber Company of date 1883 regulating every duty; (b) that that contract was transferred to plaintiff; (c) that the contract contained the only terms under which plaintiff and defendant dealt with each other; thereby alleging a new cause of action and imposing on this appellee such new issues and proof as should be held barred by the statute of limitation. Williams v. Randon, 10 Texas, 74; Bigham v. Talbot, 63 Texas, 273; Railway v. Scott, 75 Texas, 85; Railway v. Pape, 73 Texas, 502; McLane v. Belvin, 47 Texas, 502; Lee v. Boutwell, 44 Texas, 151; Railway v. Richards, 32 S. W. Rep., 96; Salt Co. v. Heidenheimer, 80 Texas, 349; Lynch v. Ortlieb, 28 S. W. Rep., 1017; Railway v. Wyler, 158 U. S. R., 296; Whalen v. Gordon, 95 Fed. Rep., 311; Scoville v. Glasner, 79 Mo., 449.

An implied contract, even if it embraces the same terms as an express contract, is not only different from the express contract, but is contradictive the one of the other, for the law will not imply a promise if there be an express contract, whether in writing or verbal. 1 Wait's Act. and Def., 74; Walker v. Brown, 28 Ill., 378.

It has been repeatedly held in this State that an express contract is wholly different from an implied contract, even though the same facts were stated in each, and that proof of neither could be made upon the allegation of the other. Gammage v. Alexander, 14 Texas, 419; McGreal v. Wilson, 9 Texas, 429; Krohn v. Heyn, 77 Texas, 320; Moore v. Kennedy, 81 Texas, 147.

The plaintiff stated in his third and fourth amended petitions an express contract of date May, 1883, made between the M. T. Jones Lumber Company and defendant, and by said lumber company transferred to plaintiff, under the provisions of which it solely claimed a right of recovery, and I make the proposition of law that they had no right of election on such a contract to sue in tort, because the contract furnished the sole measure of liability, and the sole duty of performance, and the law imposed no duty ultra the contract. 16 Am. and Eng. Enc. of Law, 388, 416, 417; Bish. on Non-Con. Law, 76; Pollock on Torts, 432, 435; 1 Jacobs' Fisher's Dig., 114; Pollock on Torts,

sec. 434 (Webb's ed.), 649; sec. 436 (Webb's ed.), 653; sec. 437 (Webb's ed.), 654; Stock v. City of Boston, 149 Mass., 410; 2 Chitty's Plead., 16 Am. ed., 27; Legge v. Tucker, 1 H. & N., 500; 27 L. J. Ex., 71.

BROWN, ASSOCIATE JUSTICE.—On June 19, 1891, the plaintiffs in error, with Charles Dillingham, who had been appointed receiver of the property of that corporation, sued the Houston Water Company in the District Court of Harris County to recover the value of certain property which was alleged to have been destroyed by fire in the city of Houston on the 20th day of May, 1891, on account of the failure of the defendant in error to furnish a sufficient supply of water to extinguish the fire. The insurance companies named in the application intervened and the venue of the case was changed to Fort Bend County. In the original petition, the plaintiff sought to recover upon a contract entered into by the defendant in error with the city of Houston whereby the water company agreed to furnish to the city of Houston water sufficient to extinguish fires which might occur in the said city. This ground of action was abandoned in the sixth amended petition and is not necessary to be set out more fully here. The original petition alleged also, in substance, that in 1883 the defendant in error entered into a contract with the M. T. Jones Lumber Company, a corporation, by which it agreed, for $25 per month, to furnish to the lumber company all water necessary for use in connection with its business, including a supply sufficient at all times to extinguish a fire which might occur in the said property. It was alleged that in the year 1889 the Phoenix Lumber Company purchased the plant and property of the M. T. Jones Lumber Company, which included all water pipes, hose, mains and hydrants which had been placed upon said premises by the M. T. Jones Lumber Company, together with all the apparatus necessary for applying the water to fire in case it should occur, and "that among other things sold and transferred to plaintiff by the said M. T. Jones Lumber Company was the contract for fire protection last aforesaid, made by and between the M. T. Jones Lumber Company and defendant, of which assignment the defendant then and there on, to wit, the —— day of ——, 1889, took due notice and agreed to such transfer, and then and there promised and agreed with plaintiff, in consideration of the sum of $25 per month, which said sum plaintiff each and every month from said last named date up to the said 20th day of May, 1891, paid upon demand to defendant, to supply at any time and all times adequate and sufficient water protection to protect plaintiff's said property from damage, loss, or destruction by fire, and also for boiler and other purposes." The petition then set up the loss of the property by fire on May 20, 1891, alleging the exercise of all possible diligence to extinguish the fire and that the failure to extinguish it was caused by the want of water which the defendant in error failed to supply in accordance with its agreement, and that on the sole ground of inade-

quate and insufficient supply of water, the property "was wholly destroyed and consumed by fire, which was the direct and proximate result of the negligence of defendant in not maintaining a proper waterworks system and an adequate pressure, as it was in duty bound to do. That plaintiff could have easily extinguished the fire before any damage resulted had there been a reasonable pressure of water through the hose. By reason of defendant's negligence as aforesaid, plaintiff's said property was wholly destroyed by fire without its fault to its damage one hundred thousand dollars.

"10. That by reason of the defendant's contract with the city of Houston, it had for more than ten years hitherto the exclusive right to furnish water to the inhabitants of the city of Houston, and the plaintiff, in common with the other property owners thereof, have been compelled to rely exclusively upon defendant for adequate and sufficient protection from fire, and the plaintiff * * * relying upon said private agreement of defendant made with plaintiff to protect plaintiff's said property from fire, had made no other arrangement and had no other means of protecting its said property from fire; but so it was that the defendant neglected to discharge the duties so imposed and obligations so incurred by it, and did not maintain a sufficient system of waterworks and did not maintain a proper amount of pressure, all of which it and its officers and agents had full knowledge and notice at the time of said fire and for a long time prior thereto, and by use of reasonable diligence could have known, and by reason of the breach of defendant's contract as aforesaid and the negligence of defendant, the said property of plaintiff was destroyed by fire on, to wit, the 20th day of May, 1891."

On July 28, 1899, the plaintiff filed a sixth amended petition in which the cause of action based upon the contract with the city of Houston was abandoned. Plaintiff set up its purchase of the property from the Jones Lumber Company, and that when it received possession it found upon the premises the hydrants, piping, fire-plugs, nozzles, water hose, and other appliances necessary for extinguishing fires, all of which had been provided at the expense of the M. T. Jones Lumber Company, and belonged to the said premises; and also, the plaintiff, when it purchased and took possession of the said premises, found that they were supplied with water by the Houston Water Company for all business purposes, including water for the extinguishment of fires by the use of pipes, hydrants, etc., which were located upon said premises, for which service the water company was then being paid at the rate of $25 per month, and at that time the waterworks company had extended its mains and water service to and beyond the premises purchased by the plaintiff.

"Eighth. That upon the purchase by said Phoenix Lumber Company of said lumber plant and continuously subsequent thereto until after the fire hereinafter mentioned, in a uniform and continuous course of dealings between said lumber company and said Houston

Waterworks Company, it, said waterworks company, being engaged in the business aforesaid, did perform for it, said lumber company, being engaged in the business aforesaid, the service of supplying water by means of its aforesaid water system to said lumber company's aforesaid.lumber plant premises for the use (besides other use or uses) of fire protection or extinguishment, through and by means of the aforesaid private fire equipments and hydrants on said premises, for the price or compensation to it, said waterworks company, paid by it, said lumber company, monthly, of twenty-five ($25) dollars for each month of such service, upon monthly water bills made out against and in the name of said lumber company, and collected by it, said waterworks company, and retained by it, whereby it, said waterworks company, undertook and became in duty bound, by implication of law, to exercise ordinary or reasonable care to the end of so supplying water to said premises available for use for fire protection or extinguishment purposes thereon."

To this amended petition, the defendant excepted upon the ground that it appeared from its allegations that it set up a new cause of action which was barred by the statute of limitations. This exception was sustained by the court and the plaintiff having failed to amend so as to avoid the objection, the petition was dismissed, which judgment was affirmed by the Court of Civil Appeals. The allegations of the intervening amended petitions are unimportant and are therefore omitted.

The courts have found it very difficult to give any general definition of the phrase "cause of action" which would apply to all cases alike and few courts have attempted to do so. Pom. on Remedies, sec. 452. However, the following definition will be sufficient for the disposition of the case now before us. In the abstract, a cause of action consists of "the right claimed or wrong suffered by the plaintiff, on the one hand, and the duty or delict of the defendant on the other. Rodgers v. Mutual Endowment Association, 17 S. C., 410. When used with reference to the pleadings by which the cause of action is alleged, the phrase signifies "the facts upon which the plaintiff's right to sue is based and upon which the defendant's duty has arisen, coupled with the facts which constitute the latter's wrong." Hutchinson v. Ainsworth, 73 Cal., 455; Veeder v. Baker, 83 N. Y., 160; Box v. Railway (Sup. Ct. Ill.), 78 N. W. Rep., 696; Lee v. Boutwell, 44 Texas, 154.

If the facts alleged in the sixth amended petition do not express substantially the same contract as that set up in the original petition, then the judgment of the court sustaining the exception must be affirmed. It is not sufficient that the causes of action be similar in their nature, but they must be essentially identical. Four tests are laid down by which to determine the identity of the causes of action: (1) would a recovery had upon the original bar a recovery under the amended petition; (2) would the same evidence support both of the pleadings; (3) is the measure of damages the same in each case; (4) are the allegations of each subject to the same defenses? 1 Am. and

Eng. Enc. of Pl. and Pr., p. 556. We are of opinion that the second and last furnish the best tests by which to determine the matter before us, and we can safely say that if the same testimony would not support the allegations in each of these pleas, and that the same defenses could not be interposed to each of them, they are not identical, and therefore the amended petition presents a new cause of action. McLane v. Belvin, 47 Texas, 493; Bigham v. Talbot, 63 Texas, 271; Railway v. Pape, 73 Texas, 502; Railway v. Scott, 75 Texas, 84; Boyd v. Beville, 91 Texas, 439; Cotton v. Rand, 93 Texas, 24; Whalen v. Gordon, 95 Fed. Rep., 314; Scoville v. Glasner, 79 Mo., 449.

If the case were on trial upon the original petition, the plaintiff would be required to prove that the defendant contracted and agreed with the M. T. Jones Lumber Company to furnish to it water sufficient at all times to extinguish any fire that might originate upon the premises of the company, and that the M. T. Jones Lumber Company transferred that contract to the plaintiff. Also; that the property was destroyed by fire, that the plaintiff was prepared to apply the water, and used all necessary diligence to make application of the water to the fire, but that the defendant failed to furnish water in sufficient quantity to enable the plaintiff to extinguish the fire, from which cause the property was destroyed, and also to prove the value of the property. If the trial were upon the amended petition, the plaintiff must prove that it was prepared for applying water to fires; the circumstances relied upon to show that the defendant had undertaken to furnish water to it for the purpose of extinguishing fire, and that the defendant had *negligently* failed to furnish the water, whereby the loss had occurred. Evidence of an express contract would not be admissible under the allegations of, and if admitted, would not establish, an implied contract, neither would the evidence from which the contract would be implied be admissible under the allegations of the original petition, nor would that evidence, if admitted, establish the existence of such a contract.

Against the original petition, the defendant could defend by disproving the making of the contract or by proving that it furnished the water according to the terms of the agreement. Proof that it did not make the express contract would not be admissible, nor would it disprove the allegations of the implied contract contained in the amended petition; but in answer to the amended petition, the defendant would be required to meet a great number of circumstances and facts originating at different times and dates arising out of transactions by different persons in its employ, all of which would be inadmissible in answer to and would constitute no defense to the original petition. The obligation, under the express contract, would be to furnish water or to answer in damages for the failure to do so. Under the allegations of the implied contract, the defendant undertook to use ordinary care and such means as persons or corporations engaged in a like business would use to furnish water for like purposes.

From the view-point of the plaintiff or the defendant, the allegations

present different causes of action; they demand different proof of each party, they impose different duties upon the defendant, and are subject to different defenses. If we consider the allegations as descriptive of an object, they reflect features and characteristics so essentially different that it is impossible that they could represent the same thing. If there was an express contract, there could be no implied contract arising out of the acts of performance of it; the one is destructive of the other. Two things which can not coexist will not constitute one and the same thing.

The judgments of the District Court and the Court of Civil Appeals are affirmed.

*Affirmed.*