### HULSEY et al. v. SMITH et al.
#### (No. 1294—5364.)

Commission of Appeals of Texas, Section A. Feb. 5, 1930.

Beall, Worsham, Rollins, Burford & Ryburn, of Dallas, for plaintiffs in error.

Leake, Henry, Wozencraft & Frank, of Dallas, for defendants in error.

CRITZ, J. This suit was instituted in the district court of Dallas county, Tex., by B. B. Hulsey et al. against F. M. Smith et al. The original petition was filed on April 3, 1924. On June 23, 1927, the plaintiffs filed a first amended petition, and on September 26, 1927, a second amended petition. The case was finally tried with a jury on the second amended petition and certain trial amendments.

At the conclusion of the evidence, the court instructed a verdict for the defendants, and judgment was entered accordingly. Plaintiffs duly appealed to the Court of Civil Appeals at Dallas, but the case was transferred on equalization of the dockets of the several Courts of Civil Appeals to the Court of Civil Appeals for the Ninth District at Beaumont, which court in all things affirmed the judgment of the trial court. 12 S.W.(2d) 808. The case is now before the Supreme Court on writ of error granted on application of the plaintiffs.

The several pleadings of the plaintiffs, original and amended, are brought up in the transcript, and comprise more than eighty pages thereof, but, as we interpret them, they amount to this:

The plaintiffs, in their original petition set out in detail the many transactions leading up to, and culminating in, the formation and incorporation of the Oriental Mining Company. They then plead that, after the filing of the articles of incorporation, it was agreed and understood between the parties that the corporation should be abandoned, and the plaintiffs should continue their development and management of the mining lease owned by the corporation, and should purchase the necessary machinery, equipment, and material, and incur the necessary expense for labor in the operation thereof, for the joint account of plaintiffs and defendants, etc., and that it was then and there understood between the plaintiffs and defendants that the expense so incurred should be paid by them in the proportion of their respective interests in the joint venture.

In a separate paragraph in the original petition, the plaintiffs then plead that, if they are mistaken with reference to the allegations as to the agreement to abandon, then they allege that the corporation was abandoned with the knowledge and consent of defendants, and, after its abandonment, with knowledge thereof, defendants and each of them ratified and approved the abandonment, and then the defendants, and each of them contracted and agreed to pay the expense incurred by the plaintiffs in the purchase of machinery, equipment, and material in the proportion, etc.

As we interpret it, the original petition, taken as a whole, amounts to a suit on an express partnership agreement, and that interpretation applies whether we consider the pleading from the standpoint of the alleged cause of action based on the alleged agreement to abandon the corporation and operate as a partnership thereafter, or on the agreement to operate as a partnership after the corporation had in fact been abandoned.

The two amended petitions again pleaded the same cause of action asserted in the original petition, except with greater elaboration, and then an entirely new count is added in which it is, in substance, alleged, that the corporation had no funds with which to operate the mine; that the stockholders agreed that the corporation itself should borrow money, and the plaintiffs, and defendants, and possibly other stockholders, should sign the notes of the corporation, and, as between themselves be liable thereon in the proportion of their interests in the corporation; that this was done, and the funds so raised expended for the benefit of the corporation, and, when the corporation itself could be no longer operated at a profit there were outstanding obligations of the corporation in the amount of $17,500.

The second amended petition then, in substance, avers that, after June 21, 1921, and after the indebtedness of $17,500 and other debts of the corporation were outstanding against the corporation, and against the stockholders who had signed the same as joint makers, and, if not as joint makers, as indorsers, etc., it became evident that the business could not be carried on at a profit, etc. It is then pleaded:

"At such time, it was agreed among the stockholders of said corporation and all of them, and it was especially agreed between the plaintiffs and defendants that the plaintiffs would liquidate the business of the Oriental Mining Company and would sell the assets belonging thereto and apply the same to the indebtedness of said corporation and to the indebtedness created individually by the stockholders and by those signing said notes, and that the plaintiffs would pay all of said indebtedness and wind up said business, and that defendants and stockholders of said corporation would pay to the plaintiffs their share of said indebtedness and would pay their share of such sums as would be paid out by the plaintiffs in the liquidation of said business and the discharge of the indebtedness of said Company, and especially that portion of said indebtedness which was owed by them on the aforesaid notes.

"Thereafter these plaintiffs began the liquidation of said business, and, as said notes became due, borrowed the money and paid the same off, sold the assets and applied the same to the payment of the indebtedness of said corporation, and wound up said business, completing the same during the year 1923. That the liquidation of said business was for

the joint benefit of plaintiffs and defendants and other stockholders, and especially for the plaintiffs and defendants who were joint makers, or, in the alternative, indorsers for sureties upon said paper; that the plaintiffs and defendants are the only stockholders and persons liable on said paper who are solvent, and that all of the other former stockholders and parties on said paper are notoriously insolvent; that the plaintiffs wound up said business, as aforesaid, and paid off all of the indebtedness of same. That the excess of the indebtedness over the amount realized from the assets was $14,622.18, which sum was in full paid by these defendants out of their own money and in accordance with the aforesaid agreement, and was paid in liquidation of the indebtedness evidenced by said notes owed by the defendants and plaintiffs and others jointly, and for the benefit of the plaintiffs, defendants and others, and at the special instance and request of the defendants and other stockholders. That because of the foregoing premises, the defendants became liable and bound to pay five-nineteenths of said debt and the plaintiffs fourteen-nineteenths of said debt; that said fractions represent the proportionate interests of the plaintiffs and defendants, the only solvent parties interested."

As held by the Court of Civil Appeals, all of the testimony offered by plaintiffs is in support of the allegations last above quoted, to the effect that, after all the expenditures had been made, and the enterprise proved a failure, it was agreed to liquidate the corporation and pay its debts in the proportion of ownership in the corporation. There was absolutely no proof of abandonment of the corporation, or of the formation of a partnership. In other words, there was no proof offered which would have supported the grounds of recovery pleaded in the original petition at all.

As we understand and interpret the pleadings, the cause of action based on the allegations that a contract was made after the enterprise had proved a failure, to liquidate the corporation and pay its debts in the proportion alleged, was never set up until the filing of the amended pleadings. This last contract was separate, distinct, and new from the contract pleaded in the original petition, and we can safely say that testimony that would prove the grounds of recovery set up in the original petition would not prove or support in any way the allegations with reference to the contract to liquidate, etc. The same defenses could not be interposed to each of these contracts, and in fact the contract last pleaded and proved is new, independent, and distinct from the partnership contract first pleaded.

As shown by the opinion of the Court of Civil Appeals the amended petitions were both filed at a time that any new cause of action asserted therein, and not asserted in the original petition, would be barred by limitation. It follows that, since the only right of recovery which is supported by any proof at all, is based on a contract pleaded for the first time in the amended petitions, the only cause of action both pleaded and proved is barred by limitation. Phœnix Lumber Co. v. Houston Water Co., 94 Tex. 456, 61 S. W. 707.

We are further of the opinion that the pleas of limitation of the defendants are sufficient to raise that issue.

Our views on the questions of limitation make it unnecessary for us to discuss the question as to whether the added count pleaded in the amended petition is in violation of the statute of frauds, and we therefore pretermit in discussion of that question.

We recommend that the judgment of the Court of Civil Appeals be affirmed.

CURETON, C. J. The judgment of the Court of Civil Appeals is affirmed, as recommended by the Commission of Appeals.