## MISSOURI PAC. R. CO. v. SOUTH TEXAS CANDY CO.

### No. 9173.

Court of Civil Appeals of Texas.
San Antonio.
Nov. 15, 1933.

John C. North, of Corpus Christi, for appellant.

Sidney P. Chandler, of Corpus Christi, for appellee.

FLY, Chief Justice.

This is a suit for damages, instituted by appellee against appellant, alleging that appellant had caused or permitted one of its cars to run down an incline and into the automobile of appellee, which was on the track or spur owned by appellant in its switchyard in the town of Robstown, Tex.

Appellant denied all liability, and claimed that the accident occurred through the negligence of appellee in backing his car on to the track of appellant, at a place where people were not in the habit of crossing, and where appellee had never been licensed or permitted to go with his automobile.

The cause was tried by a jury, on special issues submitted by the court, and upon the answers thereto judgment was rendered for appellee in the sum of $617.23, which was the amount of damages found to have been sustained by appellee plus interest from the date of the accident.

The jury found that a proper lookout was not kept by appellant at the time and place where they found the truck had been struck by a moving car, which had been propelled down the track by appellant. They also found that the failure to keep a lookout was negligence on the part of appellant, and that such negligence was the proximate cause of the damages to appellee's truck.

The jury found that appellant negligently failed to give any warning or signal to appellee of the approach of its car on its track, and that such negligent failure was a proximate cause of the damages to the truck.

The jury also found that the track upon which the truck had been backed was covered with brush and trash, and that the permitting of such rubbish and trash to collect on the track was negligence upon the part of appellant, and that such negligence was a proximate cause of the damages to the truck.

The jury found that appellee was not guilty of any negligence in backing his truck on to the track of appellant, and that he used ordinary care in so doing; that appellee had not been guilty of any contributory negligence in backing upon the track or keeping a lookout for cars that were moving thereon.

The jury found that the damages to the truck amounted to $525.

It is claimed through the first proposition that the switch track upon which appellee backed his truck was not used for crossing, and that appellee went upon such track without the knowledge or consent of appellant, and was a trespasser upon its property; that appellant had no notice of the presence of the truck upon the track at the time the car was released, nor at any time before it was struck by the moving car of appellant; that the car was released by appellant in the ordinary prosecution of its work and duties as a public carrier, and appellant was under no obligation to keep a lookout for trespassers who might enter the yard and go upon the tracks; that the evidence failed to disclose that appellant was aware of the presence of the truck upon its track, and, unless it owed a duty to appellee to keep watch for vehicles that might come into the yard and go upon the switch track of appellant, without its knowledge or consent, then the evidence failed to show negligence upon the part of appellant.

The evidence indicated that appellee had gone to the building occupied by a tenant of appellant near the switchyard and tracks of appellant, and it is the claim of appellee that appellant was therefore charged with notice that people having business with its tenant might desire to back their automobiles into the yard and upon the tracks of appellant.

The evidence fails to indicate any permission given by appellant to appellee to enter the yards in its truck and to place the truck upon one of the tracks of appellant. However, it was a place that was used by the public who visited the house occupied by a tenant of appellant with their vehicles. Upon leaving this house, as appellee was shown to have done, when there were cars parked around the building, it was necessary to back out from the parking place on to the track or tracks of appellant. On the occasion that appellee sustained the injury to the truck, the driver desired to leave the building where he had been on business, so he backed out, as usual, upon the track where the moving car struck the truck. It had been customary for the drivers of trucks and other vehicles, in leaving the building of appellant's tenant, to back out over the track or tracks, and no objection was shown to have been offered by appellant to the use of the track by the owners or drivers of trucks or other vehicles. Appellee's truck was leaving the tenant house in the ordinary way, which was known to appellant, and, by the permissive use of the track by vehicles for a number of years, appellant had acquiesced in such use, and appellee could not be considered a trespasser upon the property of appellant. The driver had the right to assume that in entering upon the railroad track he did it with the permission of the owner of the track. He could also assume that the cars of appellant would not be backed or driven into his truck for the few moments that it rested upon one of the tracks in the switchyard.

The turning of the freight car loose, without an attendant, without giving any signal of its approach, was negligence, under the circumstances, upon the part of appellant, and the jury did not err in so finding. The court properly overruled the motion to instruct judgment for appellant. The evidence made a case for the consideration of a jury.

We overrule the first four propositions.

The fifth proposition is overruled, the circumstances and the evidence of witnesses tended to show that the car was released at the top of a hill and was moving with accelerated speed at the time it struck the truck. There was sufficient evidence to raise the issue of the rapid speed of the car, and the court did not err in submitting that issue to the jury.

It was in evidence that the drivers of vehicles were permitted to drive their vehicles into the switchyard of appellant, and the duty devolved upon appellant to keep the tracks, where they were used by vehicles, in such condition as to not mislead and deceive

the drivers. While the condition of the track might not in itself have been sufficient negligence to raise the issue of negligence, still that, together with other circumstances of negligence, could be taken into consideration by the jury. The sixth proposition is overruled.

There was evidence to the effect that it was necessary for the driver of the truck to back it upon the track in the switchyard in order to turn around, and he swore that he watched for the approach of cars on the tracks in the yard, and that he could not, from the condition of the track upon which he was struck, ascertain that there was a track there. The seventh proposition is overruled.

■ The eighth proposition complains of the action of the court in rendering judgment for interest from the date of the injury on the amount of damages determined by the jury; the jury not having passed on the question of interest. It was neither alleged nor proved that interest was due on the damages from any period, and it has been held by this court in the case of City of San Antonio v. Pfeiffer, 216 S. W. 207, that interest could be recovered on unliquidated damages from the date of the damages where such interest has been pleaded in the petition. It is definitely held in that case that, if the interest is not pleaded, no recovery could be sustained on the damages for interest before the date of the judgment. We adhere to that opinion of this court, and hold that interest can be recovered on unliquidated damages only when alleged as a part of the damages. However, in this case appellee seeks to avoid the error in assessing interest from the date of the injury by filing a trial amendment about two weeks after the verdict had been returned and judgment rendered. This trial amendment was filed seven days after the original motion for a new trial, and on the same day that an amended motion for new trial was filed.

■■ It is the rule that the filing of trial amendments is largely within the discretion of the trial judge, and that such action will not be cause for reversal, unless there is a palpable abuse of such discretion. We think it is apparent that a trial amendment filed at least two weeks after the return of the verdict and after the motion for new trial has been filed, in an attempt to meet such motion, is clearly an abuse of the discretion confided to the trial judge. This was a material amendment, and, if the trial judge had the authority to permit the filing of a trial amendment after the trial had been ended, eight or ten days after the return of the verdict, he would have the right to permit the filing of an amendment eight or ten months or eight or ten years thereafter. It was a misnomer to call the amended pleading a trial amendment, when it was filed more than two weeks after the return of the verdict and rendition of the judgment. The courts have been and are very liberal in permitting amendments to pleadings, but they have never gone to the extent that has been attempted in this case.

We find that it was error to assess interest on the amount of the damages from the time that they were incurred. It is the order of this court that the judgment be affirmed in case there is a remittitur of the amount of interest accruing before the judgment was rendered, in the sum of $92.23, within ten days from the time this opinion is handed down. In case such remittitur is not made, the judgment will be reversed and the cause remanded.