## SOUTH TEXAS COTTON CO-OPERATIVE ASS'N v. BURGESS.

### No. 13541.

Court of Civil Appeals of Texas.
Fort Worth.
March 26, 1937.

B. D. Tarlton and T. H. Burruss, both of' Corpus Christi, for appellant.

John A. Mobley, of Corpus Christi, for appellee.

DUNKLIN, Chief Justice.

B. S. Burgess recovered a judgment against the South Texas Cotton Co-operative Association for $700, claimed by him as salary due under defendant's contract of employment.

In his first amended original petition, on which he went to trial, it was alleged that at a regular meeting of the board of directors of the defendant South Texas Cotton Co-operative Association, hereinafter referred to as South Texas Association, held on January 23, 1934, he was elected secretary and treasurer of the association for the years 1934 and 1935; that on March 6, 1934, there was another meeting of the board of directors of that association at which plaintiff submitted a proposed budget which he had prepared, in which was set out the operating expenses and salaries to be paid each employee, including the salary to be paid plaintiff. This budget was duly adopted by the board as evidenced by a resolution carried into its minutes; and thereafter on July 1, 1934, the president of the association executed a contract with the plaintiff providing for his employment as general manager, secretary and treasurer of the South Texas Association for a period of one year from that date at a salary of $4,500, payable in semimonthly installments, conditioned on the execution of a satisfactory bond by plaintiff to insure the faithful performance of his duties, and a recovery was sought on that written contract.

It was further alleged that on July 11, 1934, the board of directors of the South Texas Association held a meeting at which a resolution was adopted approving a proposed agreement with the American Cotton Co-operative Association, hereinafter called American Association, by the terms of which certain portions of the operations of the South Texas Association would be un-

der the complete control of the American Association at the expense of the latter. The plan further stipulated that plaintiff should remain general manager of the South Texas Association, in charge of certain portions of its operations. The resolution so adopted authorized an executive committee of the South Texas Association to execute a contract with the American Association to carry out said plan.

Plaintiff alleged that thereafter a contract was executed by the two associations in accordance with that plan, by reason of which the American Association became liable to pay plaintiff's salary. The American Association was also made a party to the suit, and recovery was prayed for against both defendants jointly.

The petition contains these further allegations:

"That thereafter on the 11th day of October A. D. 1934, a resolution was passed by the South Texas Cotton Co-operative Association, acting by and through its officers, asking for the resignation of plaintiff, to become effective on January 1, 1935, said resolution being substantially in words and figures as follows:

" 'Resolution.

" 'Whereas, it seems advisable that the services of B. S. Burgess be discontinued, and,

" 'Whereas the American Cotton Co-operative Association, through Mr. E. F. Creekmore, has agreed to pay the salary and necessary expense of B. S. Burgess until January 1, 1935, in order to permit him to handle the affairs of the affiliated organization to the best advantage.

" 'Now, therefore, be it resolved, that B. S. Burgess be removed from the office of Vice-President, Secretary-Treasurer and General Manager of this Association, effective as of this date.

" 'There being no further business, the meeting adjourned.

" ' /s/ O. F. Hartman,
" 'Vice-President.'

"That pursuant thereto, plaintiff's connections with said corporation were dissolved on January 1, 1935, though he stood ready and willing to carry out his agreement under said contract, and that by reason thereof said defendants, jointly and severally, became bound to plaintiff for the balance due him under the terms of his employment contract of the South Texas Cotton Co-operative Association, and that

there is due and owing to him compensation for six months, amounting to the sum of Two Thousand Two Hundred Fifty Dollars ($2,250.00)."

In addition to a general demurrer, special exceptions and a general denial, the defendant filed a special answer, denying authority in J. E. Montgomery, president of the South Texas Association, to employ plaintiff as general manager of that association, and to execute that contract, with further allegations that under the charter and by-laws the board of directors of the South Texas Association had exclusive authority to enter into contracts such as the one sued on, and that said board did not authorize its president to execute the same.

It was further alleged that plaintiff took part in promoting the organization of the South Texas Association and in preparation of its charter and the adoption of its by-laws, and was therefore fully informed of their provisions.

The case was tried to the court without a jury. The trial was concluded on March 13, 1936, and the case taken under advisement until March 23d, at which time the court announced that the evidence showed plaintiff's right of recovery of the salary sued for, but that the same could not be awarded under plaintiff's pleadings. On March 24th, by leave of the court, plaintiff filed a trial amendment, without further evidence than that submitted on the original hearing. Judgment was then rendered in plaintiff's favor against the South Texas Association for the $700 salary sued for, but denying him a recovery against the American Association.

The trial amendment begins as follows:

"Now comes B. S. Burgess, and with leave of the court first had and obtained, files this, his trial amendment to his first amended original petition and would thereby show unto the court, in addition to the matters in said pleading, set forth the following:

"And plaintiff would further show unto the court, pleading in the alternative and the alternative only, that should the court find he not be entitled to recover on the written contract as hereinbefore alleged, then, in that event, he should be entitled to recover out of the oral contract of employment."

Then follows a repetition of allegations in his former pleading of his election as secretary-treasurer, which included the duties of general manager, the submission

and approval of the budget fixing the salaries of plaintiff and other officers; the duties of his office and his dismissal from service on January 1, 1935, through no fault on his part.

Defendant strenuously objected to permission given to the filing of the trial amendment on the following grounds: That the amendment set up a new cause of action; that defendant's witnesses had been excused; that the amendment was not in response to any ruling of the court during the trial upon exceptions to the pleadings; or exclusion of testimony for lack of pleading; and, further, because the case was not tried upon the theory set out in the trial amendment.

■ We conclude that a new cause of action was alleged in the trial amendment, since it was expressly based on an oral contract, while plaintiff's pleading, on which the case was tried, was based on the written contract executed by defendant's president, Montgomery. The same evidence would not support both, and, further, different statutes of limitation would be applicable to such actions. Phoenix Lumber Co. v. Houston Water Co., 94 Tex. 456, 61 S.W. 707. See, also, 33 Tex.Jur. § 195, p. 651; 25 Tex.Jur. § 100, p. 478; Smoot & Smoot v. Nelson (Tex.Civ.App.) 11 S.W.(2d) 578, and cases cited. For that reason, independently of others urged by defendant, reversible error was committed in permitting plaintiff to file the trial amendment which formed the basis of the judgment rendered.

Moreover, neither in his original pleading nor in the trial amendment was any allegation that he protested at the time to the action of the board in dismissing him from service on October 11, 1934. To the contrary, it appears both from his pleading and his testimony on the trial that he continued in the same service thereafter in reliance upon the agreement of the American Association to pay him his salary. And according to his testimony that company did pay his salary for the period intervening between the date of his dismissal, on October 11, 1934, and January 1, 1935, when he ceased to work.

We are cited to no evidence in the record, and have found none, to prove the parol agreement of defendant to pay plaintiff the salary claimed for the year ending the last day of March, 1935; nor was there any allegation that defendant's board of directors authorized any of its representatives to make such an agreement, either at the beginning of his employment or after his dismissal from service on October 11, 1934. Moreover, if the adoption by the board of the budget prepared by plaintiff in which a salary of $4,500 per annum, payable in monthly installments of $350, to the secretary-treasurer and general manager can be construed as entitling that officer to that salary, and if plaintiff's testimony, unobjected to, that the board adopted the budget, is competent proof of such a resolution, still the election of plaintiff as secretary-treasurer only, without including also the general manager, would not entitle him to the salary.

Evidence introduced showed that plaintiff used funds belonging to the South Texas Association, aggregating several thousand dollars, to finance promotion of four other different enterprises, in violation of express provisions of the charter and by-laws of the association.

■ That proof tended to show just cause for plaintiff's dismissal from service, notwithstanding the further proof that such diversion of funds was with the approval of certain members of the board of directors of the South Texas Association at the time; no proof being offered to show that such diversion was permitted by a resolution duly passed by the board of directors. The trial judge filed findings of fact and conclusions of law on which the judgment was based. In view of the testimony last noted, we believe he committed reversible error in refusing defendant's request for an additional finding on the issue tendered in plaintiff's pleadings that he was discharged from service without just cause. . 41 Tex.Jur., § 382, p. 1252, § 400, p. 1274; Galveston, H. & S. A. Ry. v. Stewart & Threadgill (Tex. Com.App.) 257 S.W. 526.

■ It appears from the record that plaintiff's possession of the funds diverted was in trust for the benefit of the South Texas Association. Even though it could be said that plaintiff was employed for the length of time at the salary alleged, under and by virtue of a resolution duly passed by the board of directors of the South Texas Association, yet he was under an implied obligation to a faithful performance of those duties, in accordance with the provisions of the charter and by-laws of the South Texas Association, and the use of the assets so held by him in trust in violation of the express provisions of the charter and by-laws of the South Texas Association would be a valid defense to plaintiff's claim for the salary sued for, to the extent

of the funds so diverted; his suit being for specific performance of a contract executory by both parties. 10 Tex.Jur., § 224, p. 395; 17 Tex.Jur. § 3, p. 5, § 29, p. 31; § 47, p. 48, § 48, p. 49.

For the reasons noted the judgment in favor of plaintiff against the defendant South Texas Cotton Co-operative Association is reversed and the suit as against that defendant is remanded for further proceedings not inconsistent with our foregoing conclusions. But the judgment rendered in favor of the defendant American Cotton Co-operative Association, of which no complaint is made here, is left undisturbed.