## DE WALT v. UNIVERSAL FILM EXCHANGES, Inc.

### No. 10836.

Court of Civil Appeals of Texas. Galveston.

Oct. 12, 1939.

Rehearing Denied Nov. 2, 1939.

W. J. Durham, of Sherman, for plaintiff in error.

Alvin H. Lane, of Dallas (Felix D. Robertson, of Dallas, on the brief), for defendant in error.

MONTEITH, Chief Justice.

This is an appeal by writ of error in an action brought by defendant in error, Universal Film Exchanges, Inc., against plaintiff in error, Mrs. O. P. DeWalt, to recover damages for the breach of certain alleged written agreements by plaintiff in

error to exhibit certain pictures belonging to defendant in error.

Defendant in error alleged that plaintiff in error operated the Lincoln Theatre in Houston, Texas; that by certain written contracts executed by plaintiff in error on certain specified dates and designated by numbers, she agreed to exhibit and pay for certain pictures belonging to defendant in error whenever such pictures were available; that such pictures were made available to plaintiff in error by defendant in error but that she breached each of her said alleged contracts to exhibit such pictures, and that defendant in error, on account of such breach, had sustained certain damages set out in its pleadings for the breach of each of said alleged contracts.

Plaintiff in error answered by general demurrer and general denial, and specially denied that she had ever entered into said contracts with defendant in error, but that she had agreed with defendant in error, through its authorized representative, to exhibit certain pictures owned by defendant in error when and if she could arrange for the exhibition of such pictures, if said pictures were found to be suitable for her business, and that she agreed to pay the rental price specified when and if such pictures were exhibited by her. She alleged further that said instruments were signed by her as applications for the right to exhibit said pictures and as memoranda to enable defendant in error to keep a record of the pictures that were to be made available to her, and that she was induced to sign them through false and fraudulent representations made to her at the time of signing said applications by the authorized representative of defendant in error, and that she had relied on said representations.

By cross-action, plaintiff in error sought damages for the breach of an oral agreement alleged to have been made by the representative of defendant in error to substitute other pictures for those found not to be suitable to her business.

By supplemental petition defendant in error denied that it had entered into said oral agreement. It pled the two year statute of limitations thereto and lack of authority on the part of B. C. Gibson, its agent, to enter into said alleged oral agreements.

The case was tried before a jury, who, in answer to special issues submitted, found that, at the time plaintiff in error received from defendant in error copies of said instruments, approved by the home office of defendant in error, "she accepted such approved copies as setting out the agreement between herself and defendant in error for the purpose of the pictures specified in each of such instruments", and that at the time plaintiff in error signed "the application for contracts in question", B. C. Gibson told plaintiff in error that such instruments were only for bookkeeping purposes for the benefit of defendant in error; that plaintiff in error believed said representations and relied on the truth thereof, and that, but for such reliance, she would not have signed the instruments in question.

The verdict of the jury was returned into court on April 23, 1937. On May 4, 1937, plaintiff in error filed a motion for judgment in her favor based on the jury's findings, which motion was by the court refused. On June 23, 1937, sixty days after the verdict of the jury was returned into court, defendant in error filed a trial amendment in which it alleged, in substance, that if at the time plaintiff in error signed the written instruments, designated as contracts Nos. 1469, 1877, 1878, 1470, 379, and 1468, she did not realize that they were contracts and understood that they were merely to be used as memoranda, that within sixty days after said applications were delivered to plaintiff in error she accepted approved copies of each of said instruments and that she received them under such circumstances as to constitute a binding contract between herself and defendant in error, and that the plaintiff in error thereby ratified such instruments as being contracts binding upon her, and that she acted upon them, and that because of her said conduct she was estopped to deny that they were binding contracts upon her. Said trial amendment recited that it was filed with leave of the court. There is nothing in the record to show that such leave was not granted.

On the same date, plaintiff in error filed a motion praying that the court refuse leave to defendant in error to file such trial amendment, alleging in substance that it was sought to be filed after the evidence was introduced, after the court's charge was delivered to the jury, and after arguments of counsel were heard by the jury, and after the jury had returned its verdict into open court, and after plaintiff in error's motion for judgment had been filed;

that it raised the issue of ratification not theretofore raised by any original plea, as well as issues of contracts on different dates from that shown in the original pleadings and estoppel at a time when plaintiff in error had no opportunity to meet said new material issues; and that the evidence required to meet said new issues would require a different type of proof from the proof required on the original petition.

On June 23, 1937, judgment was entered by the court in favor of defendant in error against plaintiff in error in the sum of $2,105.73, the amount sued for.

The controlling issues in this appeal are, first, whether the issues submitted to the jury and the judgment rendered thereon by the trial court are supported by the original pleadings of defendant in error; and, second, whether, if they are not supported by the original pleadings there was an abuse of discretion on the part of the trial court in allowing defendant in error to file a trial amendment sixty days after the completion of the trial of the case and the return of the verdict into court alleging new material issues, not theretofore pled, conforming to the special issues which had been submitted to the jury, without permitting plaintiff in error to file new pleadings, to introduce additional evidence to meet said issues or to withdraw her announcement.

Defendant in error based its cause of action on certain instruments, similar in all material respects.

Its original petition recited that on the date designated plaintiff and defendant entered into said written contracts, a copy of each of which is attached to said pleading and marked as an exhibit and made a part thereof as though fully written out therein; that under the terms of said contracts plaintiff granted to defendant a license under the respective copyrights of the motion pictures referred to in said contracts to exhibit the pictures specified in said contract; that defendant agreed to exhibit and pay for said pictures as available in the order of release; that plaintiff notified defendant of the availability of said pictures and called upon her to exhibit and pay for same and that defendant had failed and refused to exhibit or pay for said pictures, to plaintiff's damage. Each of said instruments expressly provides that it shall not become binding until it is accepted in writing without alteration or change by an officer of distributor (defend-ant in error) and that in the event of acceptance thereof by distributor, a duplicate copy thereof, signed by the distributor, shall be forwarded to the exhibitor (plaintiff in error) within the number of days therein specified. There is no allegation in the record by either party that said applications were so accepted by defendant in error or that duplicate copies, signed by defendant in error, were forwarded to plaintiff in error.

Special Issue No. 1 reads:

"Do you find from a preponderance of the evidence that at the time when the defendant received from plaintiff her copies of the instruments designated as contracts Nos. 1877 and 1878, plaintiff's exhibits Nos. 6 and 7 respectively, approved by plaintiff's home office, she accepted such approved copies as setting out the agreement between herself and plaintiff for the purchase of the pictures specified in each of such instruments.

"Answer 'She did' or 'She did not', as you may find the facts to be."

Special Issues Nos. 2 and 3 are identical with Special Issue No. 1, with the exception of the fact that they refer to different contracts by number.

Plaintiff in error duly excepted to the submission of Special Issues Nos. 1, 2 and 3 on the grounds that they called for the jury to find on a different contract from the contract sued upon and that said issues raised an issue of ratification of a contract between herself and defendant in error not raised by the pleadings, and called on the jury to make a finding on a different contract from the one declared upon.

■ The law is well settled in this state that the relief granted by the court must be such, and only such, as is warranted by the pleadings. City of Floydada v. Gilliam, Tex.Civ.App., 111 S.W.2d 761; Harris v. Goodloe et al., Tex.Civ.App., 58 S.W.2d 156; Shackelford v. Neilon, Tex.Civ.App., 100 S.W.2d 1037; 41 Tex.Jur., page 1233; Texas Emp. Ins. Ass'n v. Fitzgerald, Tex. Com.App., 296 S.W. 509; Sorenson v. City National Bank, Tex.Civ.App., 273 S.W. 638; Robichaux v. Bordages, Tex.Civ.App., 48 S.W.2d 698.

■■ It is elementary that a trial court cannot render judgment to conform to the verdict of a jury on issues not raised by the pleadings, and that one who relies for recovery upon a contract which imposes conditions precedent upon him must al-

lege performance of such conditions upon his part, and his failure in this respect renders his pleadings subject to demurrer urged upon that ground. Northern Texas Utilities Co. v. Community Natural Gas Co., Tex.Civ.App., 297 S.W. 904; Browne Grain Co. v. Walker, Tex.Civ.App., 206 S. W. 859; 10 Tex.Jur., page 46, section 25.

■ The record shows that at the time of the trial of this cause and at the time of the submission of said special issues to the jury, no question of ratification of the contracts pled by defendant in error or of the estoppel of plaintiff in error to deny the existence of said contracts had been raised by any pleadings. The fact that special issues Nos. 1, 2 and 3 were not based on any pleadings then on file was definitely pointed out to the court. in the objections made by plaintiff in error to the submission of said issues and were carried forward by assignment of error. Under the above facts, we think that the verdict of the jury and the judgment of the court are based on a conditional contract, subsequently ratified; that said issues were not raised by the original pleadings and they can form no basis for the judgment in this cause.

■ Plaintiff in error urgently contends that the trial court erred in permitting defendant in error to file a trial amendment sixty days after the trial of the cause and by such trial amendment raise the issues of the ratification of said contracts and of estoppel of plaintiff in error to deny their existence, which issues had not been raised by the original pleadings in the cause, without permitting plaintiff in error to meet said issues by either pleadings or proof and without allowing her to withdraw her announcement. We think that these contentions should be sustained.

■ While the law is well settled that the filing of trial amendments rests largely in the sound discretion of the trial court and that such discretion will not be disturbed in the absence of a clear showing of abuse thereof (National Life & Accident Ins. Co. v. Hines, Tex.Civ.App., 50 S.W.2d 364; Rivers v. Griffin, Tex.Civ. App., 16 S.W.2d 874), our courts have uniformly held that it was not intended by the rule allowing the filing of trial amendments that an amendment might be made as a matter of right so as to include an amendment setting up a new cause of action or new defenses not pleaded or set up in some former plea, and which might cause a reopening of the case after proceeding to trial. Bender v. Bender, Tex. Civ.App., 187 S.W. 735. While trial amendments have been held to have been properly filed even after the conclusion of the trial for the purpose of supplying facts omitted through inadvertence, where the filing of said trial amendment in nowise operated to surprise or prejudice opposing parties (Paden v. American State Bank & Trust Co., Tex.Civ.App., 103 S.W.2d 243; 10 Tex.Jur. page 519), it has been uniformly held to be an abuse of discretion to allow the filing of a trial amendment setting up new and material issues and defenses after the return of the verdict and after a motion for a new trial has been filed, in an attempt to meet such motion and without an offer by the court to permit plaintiff in error to file pleadings or introduce additional testimony to meet the new issues, if she so desired, or to allow her to withdraw her announcement.

In the case of Missouri Pacific Ry. Co. v. South Texas Candy Co., Tex.Civ.App., 65 S.W.2d 325, 327, under a similar state of facts, the court, in its opinion, says: "This was a material amendment, and, if the trial judge had the authority to permit the filing of a trial amendment after the trial had been ended, eight or ten days after the return of the verdict, he would have the right to permit the filing of an amendment eight or ten months or eight or ten years thereafter. It was a misnomer to call the amended pleading a trial amendment, when it was filed more than two weeks after the return of the verdict and rendition of the judgment. The courts have been and are very liberal in permitting amendments to pleadings, but they have never gone to the extent that has been attempted in this case."

In the case of South Texas Cotton Cooperative Ass'n v. Burgess, Tex.Civ.App., 103 S.W.2d 1095, the court permitted the filing of a trial amendment eleven days after the conclusion of the trial without further evidence than that submitted on the original hearing. In its opinion, the appellate court held that reversible error had been committed, citing Phœnix Lumber Co. v. Houston Water Co., 94 Tex. 456, 61 S.W. 701; 33 Tex.Jur. page 651; 25 Tex.Jur. page 478; Smoot & Smoot v. Nelson, Tex. Civ.App., 11 S.W.2d 578.

For the reasons above noted, the judgment of the trial court is reversed and the cause remanded for a new trial.

Reversed and remanded.