**DEARING et al. v. LAWRENCE et al.**

**No. 5816.**

Court of Civil Appeals of Texas. Texarkana.

Oct. 9, 1941.

Rehearing Denied Nov. 6, 1941.

Storey, Sanders, Sherrill & Armstrong, of Dallas, and Fred Erisman, of Longview, for appellants.

W. H. Flippen, J. P. Miller, and John W. Miller, all of Dallas, and Stinchcomb, Kenley & Sharp, of Longview, for appellees.

HALL, Justice.

This suit as originally brought was an action in trespass to try title filed December 11, 1937, by appellees against appellants and others not parties to this appeal, and involved the title to ⅞ of the minerals in and under Block 122 in the City of Kilgore. Appellees alleged that on March 1, 1931, one of their number, W. H. Lawrence, was given a power of attorney to contract for the drilling of an oil well on said block of land. On August 29, 1931, W. H. Lawrence, acting under said power of attorney and for himself, executed and delivered to one M. E. Wallace, Jr., an oil and gas lease covering the premises here in controversy. and on the same day executed with said Wallace a drilling contract for well No. 1. This drilling contract was assigned by Wallace to R. H. Dearing & Sons, and the well was completed according to the terms of the contract in 1932. In 1936 well No. 2 was completed, and in 1937 well No. 3 was also completed. All said wells were drilled by R. H. Dearing & Sons. It was the pur-

pose of this suit to set aside and cancel the oil and gas lease theretofore executed by W. H. Lawrence for himself and his attorney in fact for appellees, and to remove cloud from title, for the reason that appellants had committed a trespass when they entered upon said premises and drilled the additional wells No. 2 and No. 3, without any authority. Appellees alleged their damages to be $500,000 actual and $24,000 exemplary, which, in the alternative, they sought to recover. Appellees filed their first amended petition on July 15, 1939, by which they sought to recover ⅛ of the market price of 200,000 barrels excess, "hot", oil allegedly run from well No. 1 prior to June 3, 1934. The count in trespass to try title was dropped from the amendment in so far as the three lots in Block 122 upon which was located the three oil wells. And after announcement of ready, as shown by the judgment, appellees abandoned entirely the count in the amended petition "involving trespass to try title and cancellation of the written lease, respectively, and were limiting their cause of action as a suit to recover royalties under a contract."

Appellants answered with plea in abatement respecting misjoinder of parties and cause of action, general and special demurrers, general and special denial, plea of 1, 2, 3, 4 and 5 years' statutes of limitation, and laches in bringing said suit.

During the trial below appellees were permitted to file a trial amendment containing the following allegation:

"These plaintiffs (appellees) and each of them will further show that the defendants and each of them and their representatives have at all times denied that any oil other than that delivered to the Atlantic Pipe Line Company was produced and that at all times subsequent to *their discovery of suspicious circumstances during the spring or early summer of 1934,* they have conducted interviews with investigators, attorneys and with one another for the purpose of ascertaining and presenting to this court in support of all pleadings filed herein, the amount of oil or the probable amount of oil, produced from said lease by the Defendants, and/or those in charge of producing oil from said lease; they further allege and will show that said investigation has involved considerable expenditures and time and that they, in carrying on their respective business, have been devoting as much time as possible to

investigating and prosecuting their claim." (Italics ours.)

In answer to this trial amendment, appellants allege that the facts contained therein are "insufficient in law to toll the statute of limitations or to avoid the bar of the statute of limitation." Trial was to a jury which resulted in a verdict for appellees for ⅛ of 160,000 barrels of oil, and judgment was rendered for them and against appellants, except M. E. Wallace, Jr., and Mary Grace Spann, a minor, for the market value of said oil. No recovery for excess oil or its value was allowed these appellants named last above.

■ Appellants Nannie C. Dearing and her associates, representatives of the estate of R. H. Dearing & Sons, deceased, present the following proposition: "The petition of the appellees seeking relief granted herein, was the first pleading as against these appellant executors, and having been filed more than four years after the accrual and knowledge of the existence of the alleged cause of action, as shown on the face of the petition, with no attempt by pleading to toll the statute of limitations, the basis thereof being a distinctly separate transaction from the originally filed trespass to try title suit, the suit was barred by the four year statute of limitations as a matter of law."

As previously stated, the case made by the original petition filed in December, 1937, was one in trespass to try title and to remove cloud from title to Block 122 in the city of Kilgore on account of the alleged wrongful drilling of oil wells No. 2 and No. 3 on a portion of said block. In the alternative, if title to said block could not be recovered, damages were sought in the sum of $500,000 actual and $25,000 exemplary. No other relief was sought by the original petition. Certainly the suit, as originally instituted, was not one to recover excess oil produced from well No. 1 prior to June 3, 1934. Such a ground of recovery was first asserted in July, 1939, upon the filing by appellees of their first amended original petition. The saving clause of Vernon's Ann.Civ.St., Article 5539b, in our opinion, has no application here, for the reason that the amended petition is "wholly based upon and grows out of a new, distinct or [and] different transaction and occurrence." In the suit as originally brought, the title to the mineral interest in the land (and in lieu thereof, damages) is sought to be recovered; while

in the suit as made by the amendment the title is admittedly quieted in appellants and recovery is prayed for under the mineral lease and drilling contract executed by Lawrence for $\frac{1}{8}$ excess oil produced from well No. 1 prior to June 3, 1934. In our opinion the petitions set up different and distinct causes of action, for the reason that a recovery under the original petition would not bar a recovery under the amended petition; the same evidence would not support both pleadings; the measure of damages under the two petitions is not the same; and the allegations in each plea are not subject to the same defenses. Phoenix Lbr. Co. v. Houston Water Co., 94 Tex. 456, 61 S.W. 707; Cleveland State Bank v. Gardner, Tex.Com.App., 286 S.W. 173; Schoonmaker v. Clardy, Tex.Com. App., 244 S.W. 124; Farmers & Merchants Nat'l Bank v. Arrington, Tex.Civ.App., 98 S.W.2d 378; South Texas Co-op Ass'n v. Burgess, Tex.Civ.App., 103 S.W.2d 1095; Universal Life & Accident Ins. Co. v. Johnson, Tex.Civ.App., 120 S.W.2d 314, writ dismissed; Brickley v. Finley, Tex. Civ.App., 143 S.W.2d 433; Maude Hopper v. Hargrove, 154 S.W.2d 978, by this court.

We shall next consider whether the statute of limitation, R.C.S. Article 5529, was tolled by the alleged fraudulent acts of W. R. Dearing & Sons in producing excess oil as claimed by appellees. In their amended petition, appellees charged that the excess oil for which they sought an accounting "was converted by secret schemes, devices, and by-passes, fraudulently maintained by the said partnership of R. H. Dearing & Sons, and that by reason thereof plaintiffs' property was misappropriated, destroyed and wasted under such conditions as to constitute a trespass and conspiracy." There are other allegations of fraud in both the amended petition and in the trial amendment relating to the production of excess oil. Undiscovered fraud will prevent the running of the statute of limitation, when the failure to sooner discover it is not the result of a want of proper diligence of the party charging the fraud. The reverse of the above is also true, that is, limitation begins to run "from the time the fraud is discovered, or from the time it should have been discovered by the use of reasonable diligence." Atkins v. Dodds, Tex.Civ.App., 121 S.W.2d 1010, 1020. Appellees' pleadings and evidence show without dispute that they discovered the alleged fraud of Dearing & Sons in producing excess oil in the spring or summer of 1934, over five years before they filed their amended petition seeking a recovery of such excess. They sought to excuse this delay by showing the diligence exercised by them in "ascertaining and presenting" to the court below the probable amount of oil produced by Dearing & Sons in such alleged fraudulent manner. Under such state of facts the statute of limitation would begin to run from the date appellants first received knowledge (during the spring or early summer of 1934) of the alleged fraud practiced upon them by Dearing & Sons. One cannot, after the discovery of fraud practiced upon him by another, withhold his suit until he has ascertained the amount of his damages occasioned thereby, without taking the risk of having his cause of action barred by the statute of limitation. Quinn v. Press, 135 Tex. 60, 140 S.W.2d 438, 128 A.L.R. 757.

The motion of appellants Nannie C. Dearing and others, representatives of R. H. Dearing & Sons, for judgment non obstante veredicto should have been granted, and the judgment of the trial court is reversed and here rendered for them. Our conclusions expressed above apply with equal force to the claim for excess oil of M. E. Wallace, Jr., and Mary Grace Spann, a minor, against appellants Nannie C. Dearing and her associates, representatives of the estate of R. H. Dearing & Sons. Their claim is essentially the same as that of appellees, being based upon the same pleadings and evidence. The judgment of the court below denying them a recovery is affirmed.

Affirmed in part and reversed and rendered in part.