SCHAFF v. RIHA.   (No. 5866.)

(Court of Civil Appeals of Texas. Austin. Jan. 16, 1918. Rehearing Denied Feb. 27, 1918.)

1. APPEAL AND ERROR ⬥⟿1032(1)—BURDEN OF ESTABLISHING ERROR ON APPEAL.

An appellant must point out reversible errors in order to secure reversal.

2. EVIDENCE ⬥⟿114 — MATERIALITY — ACCIDENT POLICIES.

In a personal injury action by a railroad employé, the company, having shown that plaintiff had several accident policies at the time of his injury, cannot complain that it was not permitted to show that the employé had carried the insurance for a number of years and presented many claims for injuries; the matters being immaterial.

3. TRIAL ⬥⟿133(6)—ARGUMENT OF COUNSEL.

It was shown that a railroad employé was carrying several accident policies at the time of the injury. His counsel in his opening argument, in discussing such evidence, adverted to the fact that he was a poor man and had a wife and children to support. On objection counsel stated that he was arguing the testimony introduced, and, when informed by the court that no such testimony had been allowed to go to the jury, requested the jury to disregard the statement, and the court verbally instructed them to disregard it. Held, that as the argument was simply in explanation of the reason why the employé was carrying such accident insurance, and not made in an attempt by counsel to bring before the jury matters not in evidence, it does not warrant a reversal, not being prejudicial.

Appeal from District Court, Williamson County; Ireland Graves, Judge.

Action by Frank Riha against C. E. Schaff, receiver of the Missouri, Kansas & Texas Railway Company of Texas. From a judgment for plaintiff, defendant appeals. Affirmed.

Wilcox, Graves & Metcalfe, of Georgetown, for appellant. J. W. Parker, of Houston, for appellee.

KEY, C. J. Appellee concedes the correctness of appellant's statement of the nature and result of this case, which is as follows:

"The appellee in this court, Frank Riha, sued the appellant, C. E. Schaff, receiver of the Missouri, Kansas & Texas Railway Company of Texas, in his official capacity, for certain injuries to his foot, alleging that on October 19, 1915, the said Frank Riha was in the employ of said receiver in the capacity of a car inspector and repairer in the Missouri, Kansas & Texas yards at Granger, Tex., in Williamson county, and that while discharging such duties as such inspector and repairer it became necessary for said Riha to go into, under, and between the cars of one of said trains; that before so doing he obtained a promise from the conductor of said train that he would protect this appellee while so engaged in said work; that while so engaged in working on said train between the cars thereof, the servants, agents, and employés of this receiver negligently, carelessly, and without any warning being given to said appellee, moved said train suddenly, so that the said Riha was thereby knocked down, and his left foot run over by said train, cutting, wounding, and bruising such foot, and necessitating the am-

putation of some of the toes thereon, the said Riha suing for the sum of $15,000 as damages.

"The defendant receiver answered with a general denial, and also that the said Riha was carrving a large sum of accident insurance in several such companies, and that if he was injured such injury was caused by the said Riha purposely and intentionally placing his foot on the rail and allowing the train to run over same for the purpose of obtaining damages therefrom; further pleading that the federal laws and statutes governed in this action, and also that if the plaintiff was injured as alleged by him that same was caused by the failure to comply with certain rules laid down by the defendant company as to giving notice to the employés in charge of said train or placing out flags, notifying such employés that he was in or under said train, and also that plaintiff's own negligence contributed to such injury in that he failed to so notify such employés, and also pleading the doctrine of assumed risk in that the plaintiff knew that such cars and train were apt to be moved at any time, and that he went into and under said train so knowing, without notifying any one of his presence in said train, nor taking any precautions for his safety.

"Upon a trial of this cause on November 14, 1916, the jury found a verdict in favor of the plaintiff for the sum of $1,500, and the court entered its judgment accordingly.

"Thereafterwards on December 1, 1916, the defendant's first amended motion for a new trial was overruled, to which action of the court the defendant duly then and there excepted and gave notice of appeal to this honorable court, and was by the trial court granted 90 days from and after its adjournment in which to make up and prepare a statement of facts and bills of exception in said cause, which was done within the prescribed time. Appellant taking his assignments of error from his amended motion for a new trial."

Opinion.

The questions presented to this court for decision are neither new nor novel, and, while they have all received proper consideration, it is not deemed necessary to refer to them in detail, or to elaborately discuss them.

[1] The burden rested upon appellant to point out reversible error, and, in our opinion, he has failed to do so. No complaint is made against the very satisfactory charge of the learned trial judge; and appellant's requested charge, the refusal of which is assigned as error, was properly refused because it was upon the weight of testimony, was incomplete, and might have misled the jury and caused them to believe that a finding of contributory negligence on the part of appellee would have operated as a complete defense, whereas such contributory negligence could have been considered only in diminution of the amount of recovery.

[2] The trial court permitted appellant to show that at the time he was injured appellee had several accident insurance policies, and no error was committed in not permitting appellant to show that for a number of years past he had carried such insurance, and had presented many claims for injuries. The matters referred to were immaterial in this case.

⬥⟿For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

[3] The improper statement made by the plaintiff's attorney in his opening argument to the jury in discussing the evidence, showing that the plaintiff was carrying several accident insurance policies, to the effect that the plaintiff was a poor man, and had a wife and children to support, does not require a reversal of the case. As soon as that statement was objected to, the plaintiff's attorney stated to the court that he was arguing testimony which had been introduced, to the effect that the plaintiff did have a wife and children, and, when the court informed him that no such testimony had been allowed to go to the jury, the plaintiff's attorney then asked the jury to disregard the statement, and the court verbally instructed them to the same effect. No written instrument was requested upon that subject. The statement was not made in connection with an inflammatory argument against the railroad, nor in an appeal for sympathy for the plaintiff, but as offering an explanation for why the plaintiff was carrying so much accident insurance; and that argument was not calculated to inflame or prejudice the jury against appellant. The explanation of the attorney who made the statement, to the effect that he was arguing the testimony which had been introduced, shows that he was not undertaking to testify himself as a witness, and, when the court held that no such testimony had been allowed to go to the jury, the course then pursued by both the offending attorney and the court renders it improbable that the statement complained of resulted in harm to appellant.

This case is distinguishable from M., K. & T. v. Thomas, 63 Tex. Civ. App. 312, 132 S. W. 974, where the plaintiff's attorney asked him if he had a wife and children, and he gave an affirmative answer before the defendant's attorney could object thereto. In that case the course pursued resulted in placing before the jury sworn testimony to the effect that the plaintiff had a wife and children. The course pursued in the case at bar did not have that effect, and, in view of that fact and what was done to correct and nullify the improper statement, we hold that the case should not be reversed upon that ground. Hogan v. Railway Co., 88 Tex. 679, 32 S. W. 1035.

The verdict of the jury involves findings of fact to the effect that the defendant was guilty of the negligence and wrongful conduct charged in the plaintiff's petition and submitted by the court's charge, that the plaintiff did not assume the risk which resulted in his injury and was not guilty of contributory negligence, and that the amount awarded him by the verdict was fair compensation for the injury sustained. There was testimony before the jury which supports the findings referred to, and they are here adopted as this court's findings of fact.

No reversible error has been shown, and the judgment is affirmed.

Affirmed.