**COPELAND et al. v. WILLIAMS.** (No. 3189.)

(Court of Civil Appeals of Texas. Texarkana. Feb. 18, 1926.)

1. **Pleading** ⬥382(1).

    Only testimony in rebuttal of plaintiff's case is admissible under a general denial.

2. **Appeal and error** ⬥1047(4)—**Trial** ⬥62(2) — **Permitting defendant to testify under general denial that, after death of wife, he paid indebtedness to community estate with money belonging to his separate estate, held erroneous as not in rebuttal of plaintiff's case and prejudicial.**

    Permitting defendant, in partition suit, to testify under general denial that, after wife's death, he paid indebtedness to community estate with money belonging to his separate estate, *held* erroneous, not being in rebuttal of plaintiff's case, and prejudicial, where jury's finding was predicated on it, and court, in judgment, charged interest on land be awarded plaintiffs with part of sum jury found defendant had so paid.

3. **Pleading** ⬥1 — **Court erred in treating amended answer, dictated in court, not transcribed or filed until long after term, as pleadings in case, in view of statute (Vernon's Sayles' Ann. Civ. St. 1914, art. 1818).**

    Where, upon refusal of postponement to prepare and file an amended answer, defendant

dictated an answer to court stenographer, which was not transcribed and filed until long after adjournment of term of court at which trial was had, none of requirements of Vernon's Sayles' Ann. Civ. St. 1914, art. 1818, requiring pleadings of parties to be in writing and signed by party or his attorney and filed with clerk of court, had been complied with at time of trial, and hence court erred in treating the dictated answer as pleadings in the case.

Appeal from District Court, Cherokee County; C. A. Hodges, Judge.

Partition suit by Georgia Copeland and others against Joshua W. Williams. From an adverse judgment, plaintiffs appeal. Reversed, and remanded for new trial.

Guinn & Guinn, of Rusk, for appellants.
Perkins & Perkins, of Rusk, for appellee.

WILLSON, C. J. This was a suit by appellants, children of Maggie Williams, deceased, against Joshua W. Williams, her surviving husband, to partition property, real and personal, worth $20,000, and belonging, it was alleged, to the community estate between said Joshua W. Williams and said Maggie Williams. Before the cause was tried, Ed Willis, Edmund Sanders, W. Devereux, and Carlton Price were made defendants on allegations that they claimed to be owners as purchasers from Joshua Williams after the death of his wife of an interest in lands belonging to said community estate. Appellants were dissatisfied with the judgment rendered by the court below, and prosecuted this appeal.

[1, 2] At the trial, over appellants' objection on the ground that there was no pleading authorizing it, the court permitted appellee, as a witness in his own behalf, to testify that, after the death of his wife, he paid indebtedness of the community estate incurred in purchasing certain of the land in controversy with money belonging to his separate estate. The pleadings of appellee then on file with the clerk consisted of a general demurrer and a general denial. Unless the testimony objected to was admissible under the general denial, it was error to overrule appellants' objection to it.

By the rule applicable, only testimony in rebuttal of a plaintiff's case is admissible under a general denial. Guess v. Lubbock, 5 Tex. 535. Was the testimony in question of that nature? We think not. The purpose of it plainly was to show the community estate to be indebted to appellee and to charge land belonging to that estate with such indebtedness. That the error in admitting the testimony was material and requires a reversal of the judgment is shown by the fact that a finding of the jury that appellee did use his separate means to pay indebtedness against land belonging to the community estate was predicated on it, and the fact that

the court in his judgment charged the interest in such land he awarded to appellants with a part of the sum the jury found appellee had so paid thereon.

[3] It appears from bills of exceptions in the record that, when the cause was reached in the court below, appellee asked that the trial thereof be postponed in order that he might prepare and file an amended answer. His request was refused, whereupon he dictated such an answer to the court stenographer. It seems that the answer so dictated was not transcribed by the stenographer and filed by appellee with the clerk until long after the adjournment of the term of the court at which the trial was had. While the trial court, it seems, treated the answer as so dictated as appellee's pleadings in the case, we have not considered same in determining the contention of appellant specified above. The statute required the pleadings of the parties to be "in writing and signed by the party, or by his attorney, and filed with the clerk of the court." Article 1818, Vernon's Statutes. None of the requirements of the statute had been complied with at the time of the trial, and we think the court had no right to treat the dictated answer as pleadings in the case, but should have treated appellee's original answer as his only pleading. Oil Co. v. Barker (Tex. Civ. App.) 257 S. W. 967.

Other questions presented in appellants' brief are not likely to arise on another trial, and therefore have not been considered.

The judgment will be reversed, and the cause will be remanded to the court below for a new trial.