## ULLRICH et al. v. SCHRAMM.

### No. 1417.

Court of Civil Appeals of Texas. Waco.

Nov. 2, 1933.

E. T. Simmang and R. W. Mayfield, both of Giddings, for appellants.

Searcy & Hodde, of Brenham, for appellee.

GALLAGHER, Chief Justice.

This suit was instituted by Mrs. Minnie Ullrich, Henry Ullrich, Nola Ullrich, Curlie Ullrich, and Mrs. Erma Ullrich Regiene, joined pro forma by her husband, Ira Regiene, as surviving wife and children and heirs at law of Henry C. A. Ullrich, deceased, against H. A. Schramm, to recover title to and possession of a tract of land containing 165.5 acres. Nola and Curlie Ullrich were alleged to be minors. They sued by their mother, Mrs. Minnie Ullrich, as their next friend. Appellants, in addition to the usual allegations in a suit in trespass to try title, further alleged that theretofore, on or about the 20th day of November, 1927, said Henry C. A. Ullrich, with his wife and family, was using and occupying the tract of land in controversy in this suit as his homestead, and had no other home; that he was at that time indebted to various persons, whom he desired to pay; that he applied to appellee for a loan in the sum of $4,000 to enable him to pay them; that appellee agreed to lend said sum of money but demanded security therefor; that said Ullrich and appellee then agreed that he, the said Ullrich, joined by his wife, Mrs. Minnie Ullrich, should execute and deliver to appellee a warranty deed conveying said tract of land to him and that he would then lend said Ullrich said sum of $4,000; that appellee would then reconvey said land to Ullrich in consideration of the execution by him of ten vendor's lien notes, payable to appellee, each in the sum of $400, with interest from date until paid, one of which notes was to mature each year for a period of ten years thereafter. Appellants further alleged that in pursuance of said agreement, and for the sole purpose of securing such loan, said Ullrich and wife did convey said tract of land to appellee. Appellants further alleged that thereafter said Ullrich and appellee went to appellee's attorney and requested him to prepare the deed of reconveyance so agreed upon; that said attorney stated that such action would not be advisable and suggested that they enter into an agreement for the reconveyance of said land at some future time; that the suggestion was agreed to by both parties and such an instrument prepared by said attorney and executed by them, but that such action was unknown to appellant Mrs. Minnie Ullrich. Appellants further alleged that while said deed from Ullrich and wife to appellee appeared on its face to be an absolute conveyance of said land, it was in fact simulated and part of a scheme to fix a lien on a homestead, and therefore wholly void. Appellants further alleged that Henry C. A. Ullrich died November 2, 1931, and left appellants as his only heirs; that said land was then and there used and occupied by him and his family as a homestead and is still so used and occupied by his widow and minor

children as aforesaid. Appellants prayed for the recovery of said land and the cancellation of said deed as a cloud upon their title.

Appellee denied all of appellants' allegations and alleged that he purchased said tract of land from said Ullrich and wife for the sum of $4,000; that shortly thereafter Ullrich came to see him and told him that he had sold said land too cheap and expressed a desire to buy it back; that on December 5, 1927, they met at the office of his attorney by agreement and that the written instrument referred to in appellants' pleadings was prepared and executed by them; that on January 2, 1930, the date fixed in said written agreement, he approached Ullrich and offered to reconvey the land to him, as provided therein, and that Ullrich informed him that he did not elect to repurchase the same; that Ullrich, in the same connection, expressed a desire to rent the land for the ensuing year, as he had theretofore done ever since he conveyed same to appellee; that a rental contract was thereafter prepared and executed for said year; and that at the expiration thereof a like contract was prepared and executed for the year 1931. Appellee further pleaded specifically that he purchased said land in good faith for valuable consideration; that he never intended to lend money thereon and would not have done so. Other pleadings of appellee need not be recited in detail.

The case was tried to a jury. The issues submitted and the answers of the jury thereto were as follows:

"1. Was the deed from plaintiffs, Minnie Ullrich and her husband, Henry C. A. Ullrich, conveying to H. A. Schramm the 165.5 acres of land in controversy in this suit, a bona fide sale?" Answer: "Yes."

"2. At the date of the execution of the deed on the 28th day of November, 1927, what was the fair, reasonable market value of the premises in controversy?" Answer: "$4,000.-00."

"3. Did the plaintiffs, some days after the execution of said deed by Henry C. A. Ullrich and wife, Minnie Ullrich, to H. A. Schramm, become dissatisfied with the deal, and that said H. A. Schramm then told plaintiffs that if they would pay him back his money within two years from the date of the execution of said deed, he would reconvey to them the land in controversy?" Answer: "Yes."

The court rendered judgment on said verdict that plaintiffs take nothing by their suit.

## Opinion.

■■ Appellants present various assignments of error in which they complain of the manner in which the issues of fact were submitted to the jury, and of the action of the court in overruling their objections to such manner of submission and in refusing to sub-

mit certain special issues prepared and requested by them. Appellants contend thereunder that the court failed and refused to submit affirmatively the issues of fact tendered by their pleadings and raised by the evidence in the case. Appellants introduced testimony tending to sustain their allegations as hereinbefore recited, and sufficient to raise an issue with reference to whether the real agreement between Ullrich and his wife and appellee was that the $4,000 received by them was a loan and that they were to deed the land to him and he was to deed it back to them and accept their notes, secured by vendor's lien thereon, as evidence of such indebtedness. Appellee introduced testimony tending to sustain his allegations as hereinbefore recited, and sufficient to raise an issue with reference to whether the deed to said land was executed and delivered to him by the Ullrichs in pursuance of an actual agreement on their part to sell the same to him absolutely for said sum of $4,000. The issues submitted by the court to the jury in this case have been hereinbefore recited. An examination thereof shows that they affirmatively submit appellee's theory of the case. Appellants objected to the charge of the court on the ground that it failed to submit the issues relied on by them to the jury for determination. Appellants also requested special issues affirmatively submitting their contentions, one of which was as follows: "Was it agreed by the plaintiff, Minnie Ullrich, and her deceased husband, and defendant, that the $4000.00 received by them was a loan and that the plaintff and her deceased husband were to deed the land to the defendant and that the defendant was to deed it back to them and accept land notes, payable to the defendant in the future, to secure the payment of such money and interest advanced by H. A. Schramm?" When a case is submitted on special issues, both parties thereto have a right to have all fact issues properly pleaded and supported by proof, submitted for determination by the jury. Fox v. Dallas Hotel Co., 111 Tex. 461, 240 S. W. 517, 522. We quote therefrom as follows: "The right of a party plaintiff or defendant to have all fact issues submitted to, and determined by, a jury which he has pleaded and proven, depends in no wise on whether judgment is to be entered on a special or general verdict. The language of the statute is too plain to admit of doubt on this point." See, also, Colorado & S. R. Co. v. Rowe (Tex. Com. App.) 238 S. W. 908, 910 (second column); Northern Texas Traction Co. v. Woodall (Tex. Com. App.) 299 S. W. 220; Gammage v. Gamer Co. (Tex. Com. App.) 213 S. W. 930; West Texas Transportation Co. v. Hash (Tex. Civ. App.) 43 S.W.(2d) 152, 158, par. 8; Humble Pipe Line Co. v. Kincaid (Tex. Civ. App.) 19 S.W. (2d) 144, 148, par. 8 (writ refused); Kansas City, M. & O. R. Co. v. Foster (Tex. Civ. App.) 54 S.W.(2d) 270, 272, par. 2; Oilbelt Motor

Co. v. Hinton (Tex. Civ. App.) 11 S.W.(2d) 338, 339, par. 2; Brewton v. Butler (Tex. Civ. App.) 12 S.W.(2d) 228, 229, par. 4. The court erred in failing and refusing to submit affirmatively, by an appropriate issue or issues, appellants' theory of the case to the jury for determination.

■ Appellants further contend under said assignments that the court erred in overruling their objection to the first issue submitted on the ground that no definition of the words "bona fide sale" used therein was given in connection therewith. An appropriate definition of the meaning of said words as used in such issue should, have been given. R. S. article 2189. See, in this connection, 1 Words and Phrases, First Series, page 822 (citing Webster v. Denison, 25 Vt. 493, 498); Bowles Live Stock Commission Co. v. Hunter, 91 Mo. App. 333; Ware v. Hylton, 3 Dall. 199, 1 L. Ed. 568, 586.

■ Appellants present assignments of error in which they complain of the action of the court in requiring Mrs. Ullrich to answer certain questions propounded to her by counsel for appellee on cross-examination. Appellants objected to each of said questions on the ground that an answer thereto would be immaterial and not relevant to any issue in the case. The testimony elicited in response to such questions was, in substance, that she (Mrs. Ullrich) collected $4,000 insurance on the life of her deceased husband and that she turned the same over to her brother-in-law, Otto Ullrich. Insurance on the life of Mrs. Ullrich's deceased husband, payable to her, was in law her separate property. She was under no legal obligation to apply the same to the discharge of his debts. The court erred in overruling appellants' objections to said testimony. Copeland v. Williams (Tex. Civ. App.) 282 S. W. 261, 262, par. 2; Floyd v. Fidelity Union Casualty Co. (Tex. Com. App.) 39 S.W.(2d) 1091, 1093, par. 7, and authorities there cited; John P. King Mfg. Co. v. Solomon (Tex. Civ. App.) 25 S. W. 449, 450; Schaff v. Riha (Tex. Civ. App.) 201 S. W. 210, par. 2.

The judgment of the trial court is reversed, and the cause remanded.