**HOPPER et al. v. HARGROVE et al.**

No. 5808.

Court of Civil Appeals of Texas. Texarkana.

July 3, 1941.

Rehearing Denied Sept. 4, 1941.

Hardy Moore, of Paris, for appellants.

Cunningham, Lipscomb & Cole, of Bonham, for appellees.

HALL, Justice.

On April 1, 1931, appellant Mrs. Maude Hopper instituted this suit without the joinder of her husband, R. L. Hopper, against appellees L. K. Hargrove and J. R. Rainey to recover title and possession of four tracts of land located in Fannin County, Texas, and for cancellation of a deed purporting to convey said four tracts of land to the Fannin County State Bank. The 1st count in said petition is a statutory action of trespass to try title. The second count seeks cancellation of the deed from Maude Hopper and husband, R. L. Hopper, to the Fannin County State Bank for various reasons not necessary here to state. On June 10, 1935, appellant Maude Hopper filed her first amended original petition in which she impleaded her husband as defendant, and in which she sought in the first count thereof a recovery of title and possession of the same four tracts of land described in her original petition. The second count in this amendment also sought the cancellation of the deed from Mrs. Hopper and her husband, R. L. Hopper, to the Fannin County State Bank. On June 16, 1939, appellant Maude Hopper filed her second amended original petition in which she joined as defendants her children, Lillian Jones and husband, Marvin Jones, Elbert Hopper, and Ray Hopper, heirs at law of R. L. Hopper then deceased. In this second amendment the other allegations and relief sought were substantially the same as in the original and the first amended petition. On November 24, 1939, appellant Mrs. Maude Hopper filed her third amended original petition in which she included for the first time the tract of land described as the 120 acres of the Free L. Hart Survey and made claim thereto with a 68.4-acre tract and a 29.1-acre tract, aggregating 197½ acres, as constituting a part of her homestead. In the first count of the third amended petition Mrs. Hopper sought recovery of title and possession of three tracts of land instead of four, and in the second count of said amended petition she sought a cancellation of the deed from herself and husband, R. L. Hopper, to the Fannin County State Bank upon practically the same grounds as set up in her first three petitions. On the same date Mrs. Hopper, as temporary administratrix of the estate of R. L. Hopper, adopted the third amended original petition filed by her individually, and her children named as defendants in the second amended original petition also adopted her third amended original petition and they, with her, constitute the appellants here. Mrs. Hopper in her original petition, and in her first and second amendments, referred to hereafter as the first three petitions, alleged that the four tracts of land described therein, the title to which she sought to recover, constituted the homestead of her and her husband, R. L. Hopper. In the first three petitions, after describing the four tracts of land, she made this allegation: "All four tracts containing 200 acres; and being the same land described in a Designation of Homestead made by R. L. Hopper and plaintiff (appellant Maude Hopper) on October 31, 1922, and recorded in Book 177, page 441, of the Deed Records of Fannin County, Texas."

Appellees answer with a general denial, plea of not guilty, and asserted title to the lands under the three, five and ten years' statutes of limitation. Appellees alleged that "R. L. Hopper and his wife, Maude Hopper, plaintiff herein, maintained, used and occupied and declared to be their home lands and premises other than the lands and premises described in the plaintiff's Third Amended Original Petition, and that they had and maintained other lands and premises as a homestead, and that the lands and premises described in Plaintiff's Third Amended Original Petition is not and was not at the time of the execution of the deed the homestead of the plaintiff or her deceased husband. That the plaintiff and her husband, R. L. Hopper, lived in the community or town of Elwood and conducted a substantial and extensive business and had and maintained their home therein. That the plaintiff owned, claims and uses property, both rural and urban, which was used, owned and possessed by the plaintiff and her husband prior to the execution of said deed and they still own the same." After the testimony was concluded

the court peremptorily instructed the jury to return a verdict for appellees. Judgment was entered for them accordingly and appellants prosecute this appeal.

Appellants' first proposition is: "The filing of this suit in 1931 tolled the statute of limitation, because throughout its course the object has been to recover the homestead of the appellant Mrs. Maude Hopper and her deceased husband, R. L. Hopper; and the fact that more than ten years elapsed between the appellees' entry and the filing of the amended petition correctly describing the entire homestead does not render the suit subject to the bar of the ten year statute of limitation, for the reason that no new cause of action was asserted, particularly since part of the homestead was correctly described in the original petition filed in 1931, and each amendment thereto."

The title to the 120-acre tract in the Free L. Hart Survey alone is ·in controversy here. This is the first tract described in appellants' third amended original petition. By stipulation in the court below, no question of cancellation is involved here. There is no contention that this tract of land was included in this suit until the filing of appellants' third amended original petition. In appellants' brief this statement is made: "On November 24, 1939, at which time the defendants L. K. Hargrove and J. R. Raincy had for more than ten years consecutively been in the exclusive possession of the property sought to be recovered, Mrs. Hopper filed her third amended original petition, in two counts, the first of which was in the form of the statutory action of trespass to try title, the second consisting of a suit to cancel the same deed sought to be cancelled by all her previous pleadings." It is appellants' contention as further shown by their brief "that notwithstanding the misdescription, the filing of the suit in 1931 tolled the statute of limitation, because Mrs. Hopper has throughout sought to recover whatever property was her homestead, and the evidence conclusively establishes that the 109 (120) acre tract in the Free L. Hart Survey was a part of her and her husband's homestead. * * *"

In 1915 R. L. Hopper and wife, Maude Hopper, moved from their home on the land in controversy to the little inland town of Elwood in northern Fannin County, where they resided until his death, and where she has continued to reside since. Their residence in Elwood is lo-cated upon a 2½-acre tract of land. R. L. Hopper, shortly after he moved to Elwood entered into mercantile business with J. T. Elledge. This firm became indebted to the Fannin County State Bank, and on January 21, 1924, Elledge and wife and R. L. Hopper and wife, Maude Hopper, executed and delivered to Charles Doss a deed of trust securing their indebtedness to said bank. On April 27, 1927, R. L. Hopper and wife, Maude Hopper, executed and delivered to Fannin County State Bank for a recited consideration of $6,000 but in fact in satisfaction of said indebtedness due said bank, a general warranty deed conveying six tracts of land, each specifically described by metes and bounds. The tract of land here involved is not described in either of said instruments. On March 16, 1929, the Fannin County State Bank conveyed to Smith Lipscomb the land theretofore conveyed to it by R. L. and Maude Hopper, and in addition thereto the land involved in this suit; and on the same day Lipscomb conveyed the same lands to appellees. It is appellees' contention that in so far as the 120-acre tract of land here involved is concerned, the third amended original petition of appellants sets up a new cause of action, and having been filed more than ten years after limitation began to run in favor of appellees, the suit as to it is barred. Appellants assert that this case in controlled by Article 5539b, Vernon's Ann.Civ.St. which is: "Whenever any pleading is filed by any party to a suit embracing any cause of action, cross-action, counterclaim, or defense, and at the time of filing such pleading such cause of action, cross-action, counterclaim, or defense is not subject to a plea of limitation, no subsequent amendment or supplement changing any of the facts or grounds of liability or of defense shall be subject to a plea of limitation, provided such amendment or supplement is not wholly based upon and grows out of a new, distinct or different transaction and occurrence. Provided, however, when any such amendment or supplement is filed, if any new or different facts are alleged, upon application of the opposite party, the court may postpone or continue the case as justice may require."

Unless by force of this statute the running of limitation is tolled by virtue of filing of the first three petitions as to the land involved here, then the appellees have

shown their indisputable right to title and possession of said land under the bar of the ten year statute of limitation. Vernon's Ann.Civ.St. art. 5510. The controlling question here is, then: Does the third amended original petition seeking for the first time the recovery of title and possession of the 120 acres of the Free L. Hart Survey, present, as to said tract, a new cause of action based upon and growing "out of a new, distinct, or different transaction and occurrence" from that declared upon in the first three petitions? We have concluded that it does. In appellants' first three petitions the suit was one to cancel a deed from her husband and herself to the Fannin County State Bank for alleged fraud in the execution thereof and for the further reason that said deed was not properly explained to her at the time she signed same. As heretofore stated, the first count in the first three petitions was in trespass to try title, and each contained the allegation that the four tracts of land therein described, containing 200 acres, constituted appellants' homestead, as shown by homestead designation of October 31, 1922, properly recorded in the Deed Records of Fannin County. As heretofore stated, the tract of land here involved is in no wise referred to in said first three petitions, nor is it described in the deed from R. L. and Maude Hopper to the Fannin County State Bank, which deed was sought to be cancelled by the second count in each of the first three petitions. The first time the 120 acres of land involved appears in this case is in the deed from Fannin County State Bank to Smith Lipscomb in 1929. The property described in the first three petitions is particularly described and designated as being 200 acres of land and constituting the homestead of appellants. The third amended original petition, upon which appellants tried their case, included the tract of land here in controversy, together with two other tracts, aggregating 197½ acres, and described them as constituting a part of their homestead, and in the deed of trust given by Elledge and wife and Hopper and wife to Fannin County State Bank, heretofore mentioned, "the *home tract* of 2½ acres in Elwood, belonging to R. L. Hopper" is alone excluded. (Italics ours.) So it would seem that there are certainly two, and perhaps three homesteads referred to in this record. From the allegations and undisputed facts alluded to above, it is at once apparent that the allegations with respect to appellants' homestead contained in the first three petitions underwent a change in appellants' third amended original petition as radical as the description of the land there alleged to constitute it. This being true, it follows that the proof required to establish the allegations of homestead and effect a cancellation of a deed from R. L. and Maude Hopper to the Fannin County State Bank contained in the first three petitions would not be the same as that required to establish the homestead character of the land described in the third amended petition, for the reason that the homestead designations in the two sets of pleadings are different. "It is not sufficient", as stated in Phœnix Lbr. Co. v. Houston Water Co., 94 Tex. 456, 61 S.W. 707, 709, by the Supreme Court, "that the causes of action be similar in their nature, but they must be essentially identical. Four tests are laid down by which to determine the identity of causes of action: (1) Would a recovery had upon the original bar a recovery under the amended petition? (2) Would the same evidence support both of the pleadings? (3) Is the measure of damages the same in each case? (4) Are the allegations of each subject to the same defenses?" When the above rules are applied to this cause even as ameliorated by Article 5539b, Vernon's Ann.Civ.St., it becomes clear that the third amended petition declares upon a new cause of action in so far as the land here in controversy is concerned. The facts here, in our opinion, do not present the issue of an incorrectly described homestead in the first three petitions, and the same homestead correctly described in the third amended petition. If that were true, then clearly the cases of First State Bank & Trust Co. of Rio Grande City v. Ramirez, 133 Tex. 178, 126 S.W.2d 16 (Com.App. opinion adopted by Sup.Ct.); Colbert v. Dallas Joint Stock Land Bank, 136 Tex. 268, 150 S.W.2d 771 (Com.App. adopted by Sup. Ct.), would be controlling. It is not a misdescription of homestead with which we are dealing, but the description of two different and distinct homesteads described in the two sets of pleadings. Appellant for three times stated that her homestead was comprised of four tracts of land aggregating 200 acres which was designated by her and her husband as early as October 31, 1922, whereas in the third amended original petition upon which she went to trial, and

upon which she seeks to establish title to the land here in controversy, she describes another homestead which includes for the first time the land here in controversy. Under such circumstances, we think the following cases are controlling: Schoonmaker v. Clardy, Tex.Com.App., 244 S.W. 124; Farmers & Merchants Nat. Bank v. Arrington, Tex.Civ.App., 98 S.W. 2d 378; South Texas Cotton Co-op. Ass'n v. Burgess, Tex.Civ.App., 103 S.W.2d 1095; Universal Life & Accident Ins. Co. v. Johnson, Tex.Civ.App., 120 S.W.2d 314, writ dismissed; Brickley v. Finley, Tex.Civ. App., 143 S.W.2d 433. It is our holding, then, that in so far as the 120 acres here involved is concerned, the third amended original petition is "wholly based upon and grows out of a new, distinct (and) different transaction and occurrence," and the running of limitation as to said tract of land was not tolled by the filing of the first three petitions. This proposition is overruled.

The other proposition brought forward by appellants has been examined, is thought to be without merit and is respectfully overruled.

The judgment of the court below is in all things affirmed.