Caroline LUBBERING, Administratrix,
Appellant,

v.

N. O. ELLISON, Jr., Appellee.

No. 13702.

Court of Civil Appeals of Texas.

San Antonio.

Jan. 18, 1961.

Rehearing Denied Feb. 15, 1961.

Bruce Waitz, Leslie Bretz, San Antonio, for appellant.

Jack F. Ridgeway, San Antonio, for appellee.

BARROW, Justice.

This is a suit by appellant, Caroline Lubbering as administratrix of the estate of Emelia C. Ellison, deceased, against appellee, N. O. Ellison, Jr. In her original petition, appellant alleged that on or about the 29th day of December, 1952, Emelia C. Ellison, deceased, verbally agreed to loan appellee, N. O. Ellison, Jr., the sum of $9,000; that he agreed to repay said loan on demand, and that the loan was evidenced by a certain check drawn on the Bexar County National Bank of San Antonio in said amount of $9,000, dated December, 1952.

Appellant filed her first amended petition on February 19, 1960, seeking recovery on the above alleged cause of action, and for the first time alleged, in the alternative, that on or about August 24, 1953, appellee arranged for the purchase of certain real estate and took title in the name of Emelia C. Ellison, now deceased; that said deceased, at the request of appellee, by check dated on said date, made the down payment in the sum of $5,283.41, and executed a note in the sum of $14,000 for the balance of the purchase price. That on or about January 5, 1954, also at the request of appellee and as a further loan to him, the deceased paid on said note the sum of $4,000, evidenced by her check of that date.

The court sustained appellee's special exception to appellant's alternative plea seeking recovery on the checks in the sums of $5,283.41 and $4,000, on the ground that recovery thereon was barred by the Statute of Limitation of two years at the time of the filing of the amended petition. The case, based alone on the December 29, 1952, check in the sum of $9,000, was tried to a jury, which found in answer to special issues, (1) that Mrs. Emelia C. Ellison did not make a loan to N. O. Ellison, Jr., on the 29th day of December, 1952, in the sum of $9,000; (2) that N. O. Ellison, Sr., did not make a gift to his wife, Emelia C. Ellison, of all his interest in the proceeds of the sale of their ranch property to the extent of $11,053.51, which she deposited in her bank account; and (3) that the $9,000 check in question was a return of sums deposited for safekeeping with Mrs. Emelia C. Ellison by N. O. Ellison, Jr. Judgment was accordingly rendered that appellant take nothing.

By her first point appellant contends that the court erred in sustaining appellee's plea of limitation to the alternative plea, "because said alternative plea is not wholly based upon nor grew out of a distinct or different transaction or occurrence, * * *." We overrule the point.

Appellant does not contend that more than two years had not elapsed from the accrual of a cause of action on the matters alleged therein to the date of filing the alternative plea. Appellant's contention is that the alternative plea merely sets up new facts or grounds of liability on the same cause of

action alleged in the original petition, and that the filing of the original petition tolled the statute of limitation as to such new facts or grounds. This contention cannot be sustained.

Article 5539b, Vernon's Ann.Civ.Stats., provides:

"Whenever any pleading is filed by any party to a suit embracing any cause of action, cross-action, counterclaim, or defense, and at the time of filing such pleading such cause of action, cross-action, counter-claim, or defense is not subject to a plea of limitation, no subsequent amendment or supplement changing any of the facts or grounds of liability or of defense shall be subject to a plea of limitation, *provided such amendment or supplement is not wholly based upon and grows out of a new, distinct or different transaction and occurrence. * * *"* (Emphasis added.)

In Phoenix Lumber Co. v. Houston Water Co., 94 Tex. 456, 61 S.W. 707, 709, the Supreme Court laid down the rule to be as follows in determining the question involved:

"It is not sufficient that the causes of action be similar in their nature, but they must be essentially identical. Four tests are laid down by which to determine the identity of causes of action: (1) Would a recovery had upon the original bar a recovery under the amended petition? (2) Would the same evidence support both of the pleadings? (3) Is the measure of damages the same in each case? (4) Are the allegations of each subject to the same defenses?"

This rule was followed and applied in Hopper v. Hargrove, Tex.Civ.App., 154 S.W.2d 978, error refused.

The record clearly shows that the original suit was for the recovery of a loan made on or about December 29, 1952, evidenced by a check for $9,000, of the same date, whereas the action on the so-called alternative plea was for money paid on the purchase of a parcel of land on August 24, 1953, in the sum of $5,283.41, and a payment of $4,000 on the note executed in connection with said land purchase. The check for $5,283.41 was made payable to the seller of the land, and the $4,000 check was payable to the holder of the note. These were separate and distinct transactions. It is obvious that a recovery of the $9,000 debt, evidenced by the check dated the 29th day of December, 1952, would not be a recovery of the $9,283.41 debt upon the 1953 land transaction, evidenced by two checks payable to different persons. It is also obvious that the same evidence would not support both causes pleaded, nor would the measure of damages be the same in each case, nor would the allegations in each case be subject to the same defenses.

By her second point appellant contends that the court erred in overruling her objection to Special Issue No. 2 of the Charge of the Court. Her contention is that the issue should not have been submitted because "there is no dispute but what N. O. Ellison, Sr., made a gift to his wife, Emelia C. Ellison, of all of his interest in and to the proceeds of the sale of their ranch property to the extent of $11,053.51." Appellant apparently introduced evidence to show a gift of such funds which were deposited in the bank account of Emelia C. Ellison, in order to show that the $9,000 alleged to have been lent to N. O. Ellison, Jr., were her separate funds and estate rather than the community property of herself and her husband. This point presents no reversible error, even if error, for the reason that the jury having answered Special Issue No. 1, that the $9,000 check did not represent a loan to appellee, such finding precluded recovery by appellant, regardless of the status of the funds in Mrs. Ellison's bank account at the time.

By her third point, appellant contends that the court erred in overruling

her objection to the submission of Special Issue No. 3, and in not submitting her Specially Requested Issue No. 1. She says that issue is irrelevant and immaterial; that it is evidentiary and not one of ultimate fact; that it is not a submission of affirmative defense, but is a rebuttal issue; that it should only have been submitted conditionally upon a negative answer to Special Issue No. 1; and that the use of the words "if any" after the word "safekeeping" constitutes a comment upon the weight of the evidence. In connection with the last objection, appellant contends that the court, instead of using the words "if any," should have asked if in fact "any sums were deposited for safekeeping with Mrs. Emelia C. Ellison by the Appellee." Appellant's point is overruled.

■ It is well settled that either party is entitled to have any fact or group of facts raised by the pleadings and the evidence, affirmatively and directly presented to the jury. Thurman v. Chandler, 125 Tex. 34, 81 S.W.2d 489; Montrief & Montrief v. Bragg, Tex.Com.App., 2 S.W.2d 276; Armstrong v. City of Houston, Tex. Civ.App., 272 S.W.2d 556; Ullrich v. Schramm, Tex.Civ.App., 64 S.W.2d 1041. It is apparent that appellee's theory of the case is that the $9,000 was given to him in repayment of funds deposited with the deceased for safekeeping. The issue was raised by both the pleadings and the evidence. It was an ultimate and controlling issue in the case and appellee was entitled to a direct and affirmative submission of the issue. The use of the words "if any" in the issue is not confusing nor on the weight of the evidence, for they mean substantially the same thing as the words used by appellant in her requested issue.

■ By her fourth point, appellant contends that the trial court abused its discretion in refusing to permit her to reopen her case and offer further evidence after both parties had closed. Appellant's bill of exception reflects the following:

"That N. O. Ellison, Jr., was the last witness called in his own behalf, and testified on direct and cross-examination, redirect and recross-examination, until approximately five minutes before 5:00 o'clock, on March 22, 1960, at which time, Defendant rested his case. Plaintiff requested and was given a recess for the stated purpose of reviewing the deposition of C. J. Ellison, and the Court granted said recess and recessed for approximately 12 minutes. Following this recess, Plaintiff offered portions of the deposition of C. J. Ellison, and also introduced a few lines from the deposition of N. O. Ellison, Jr., at which time, Plaintiff closed their case. Thereupon, the Defendant requested a short recess to confer with his client concerning rebuttal evidence, and, after a ten minute recess, Defendant announced that he was closing his case.

"That the jury was then excused until 9:30 on March 23rd, and instructed that arguments would commence at that time, unless unforeseen objections to the Charge delayed same. That, after the jury was excused, the attorneys held a short conference concerning the Charge, and then returned at 8:30 on March 23rd to present their objections."

At this time appellant made her request to reopen.

The bill shows that appellant desired to introduce certain excerpts from the deposition of appellee regarding the 1953 real estate purchase, in connection with which the checks for $5,283.41 and $4,000 were given and nothing else, and relating entirely to the alternative plea which had been stricken by the court. The question of reopening the case and hearing additional testimony from either or both parties is left to the discretion of the trial court. Rule 270, Texas Rules of Civil Procedure; Union Central Life Ins. Co. v. Boulware, Tex.Civ.App., 238 S.W.2d 722. We are

of the opinion that such action did not constitute an abuse of discretion.

■ By her fifth point appellant contends that the court erred in excluding the testimony of appellant's witness, Mrs. Elizabeth Martin, upon the improper objection of appellee, that the same violated the parole evidence rule. This witness testified that she was employed as a companion by the deceased, Mrs. Ellison, during the years 1954 and 1955, and during that time she had conversations with Mrs. Ellison; and she testified as follows:

"Q. Do you recall any particular things she discussed with you?

"A. Well, she complained about having some money loaned out, and couldn't get it back. And, so, she said, one thing, she had loaned $9,000.00 to her oldest son, and she would like to get it back, but she had a hard time getting it back.

"Q. How much did you say?

"A. About $9,000.00."

At this point appellee objected on the ground above stated, however, the trial court excluded the testimony on the ground that it was hearsay. The testimony clearly is hearsay, and even if it were not objected to, it is incompetent to prove any fact or form the basis of any judgment. Texas Co. v. Lee, 138 Tex. 167, 157 S.W.2d 628; Henry v. Phillips, 105 Tex. 459, 151 S.W. 533. No error is shown.

■ By her sixth and last point, appellant contends that the court erred in permitting appellee to testify to a conversation with his mother, Emelia C. Ellison, over appellant's objection that the same was hearsay. Appellant was permitted to testify to a conversation with his mother in which is was agreed that he should deposit certain checks in her bank account so that they would clear the banks as quickly as possible. He further testified that the $9,000 was in partial repayment of these funds so de-

posited. Insofar as the testimony relates to statements made by Mrs. Ellison to the appellee, the testimony does not fall within the hearsay rule, but is in the nature of statements against interest and relevant to the issue in the case. Statements by an ancestor against his interest, which would be admissible against him if living, are admissible against his heirs and legal representatives of his estate. Averitt v. Warren, Tex.Civ.App., 125 S.W.2d 691; Ford v. Second National Bank, Tex.Civ.App., 100 S.W.2d 1112; Ruedas v. O'Shea, Tex.Civ. App., 127 S.W. 891; 20 Am.Jur. 522, § 610.

The judgment is affirmed.