**TEXACO, INC., Appellant,**

v.

**O. P. LEONARD, Appellee.**

No. 238.

Court of Civil Appeals of Texas.

Tyler.

Dec. 1, 1966.

Rehearing Denied Jan. 5, 1967.

William S. Clarke, Houston, Mr. B. R. Reeves, Palestine, for appellant.

Robert Stahala, Garrett & Stahala, Fort Worth, R. E. Swift, Palestine, for appellee.

DUNAGAN, Chief Justice.

This suit was originally instituted in the Third Judicial District Court of Anderson County by R. W. Leonard, Obie P. Leonard, Jr., O. P. Leonard and O. P. Leonard, Trustee, against Texaco, Inc., appellant.

The damages for which plaintiffs sought recovery were allegedly sustained as a result of appellant's seismic operations upon approximately 12,117 acres of land in Anderson County, known as the P. D. C.

Ball Estate lands, upon which Texaco held an oil, gas and mineral lease from said estate, the owner of the reserved mineral estate, and in which O. P. Leonard owned the surface estate only subject to the reserved mineral estate and the express right of ingress and egress at all times to explore, develop and handle the minerals that may be found in, under and upon said lands, to construct, maintain and operate machinery, reservoirs, buildings and structures and other necessary equipment for the purpose of development and proper handling of said minerals.

Plaintiffs, in their original petition, alleged that the appellant entered upon the land in question on or about the 26th day of May, 1959, in the conduct of its seismic operation. By their second amended original petition, it was alleged that the entry was made on or about June 1, 1959. Appellee, O. P. Leonard, contends that such operations were not completed until the latter part of September, 1959. It is not contended that the entry was unlawful.

Plaintiffs' original petition was filed on July 6, 1961, and plaintiffs' first amended original petition filed on February 10, 1964, stated only a cause of action in tort alleging that Texaco, Inc. had negligently conducted its seismic operations and had used more of the surface than was reasonably necessary for such operation.

Plaintiffs' second amended original petition filed October 22, 1964, contained an allegation *ex contractu* alleging specifically that Texaco had, prior to entry upon the land, advised plaintiffs that it would use the roads, bridges and cattle guards situated on the land, and in consideration of such use would pay plaintiffs for any and all damages thereto.

By plaintiffs' first trial amendment filed March 8, 1965, after the announcements of ready but before the trial commenced on that day, plaintiffs alleged that:

"Prior to any of the entries upon the land as hereinabove alleged, the Defendant agreed that in consideration of Plaintiffs' agreeing that they would make no objections as to the Defendant's use of Plaintiffs' land, that Defendant would pay to Plaintiffs such damages as the operations in connection with the seismograph operations would cause Plaintiffs."

Plaintiffs introduced no evidence of negligent operations or of use of more of the surface than was reasonably necessary. Plaintiffs' witnesses admitted that Texaco had in September, 1959, repaired all roads, and there was no evidence as to any damage to any bridge, gate or cattle guard. Thus plaintiffs relied solely upon the agreement alleged in their first trial amendment as the basis of defendant's liability for the damages alleged, and it was upon this alleged agreement the case was submitted to the jury.

Defendant (appellant herein) went to trial upon its second amended original answer (filed February 13, 1964 and refiled on March 8, 1965, after the filing of plaintiffs' first trial amendment), which contained special exceptions, a general denial, a special denial, and a plea of the two-year and the four-year statutes of limitation in bar of plaintiffs' suit and cause of action.

The case was submitted to the jury on special issues and the jury found: (1) that prior to the time the seismic operations began, Texaco, Inc. agreed with O. P. Leonard to pay him such damages as would be caused him by this seismic operation; (2) that the seismic operations caused plaintiffs' cattle to die; (3) that five cows died; (4) that the five cows were worth $1,125.00; (5) that the seismic operations caused a change of condition in plaintiffs' roads; (6) that the changed conditions of the road required plaintiffs to hire additional help; (7) that the amount of additional employment was $505.00; (8) that the rental value of the land was reduced by 50% during the months of June, July, August and September, 1959, i. e., was reduced by $2,333.00; and (9) that the cost of repairing damages

to fences was $35.00. The total damages found by the jury were $3,998.00.

Defendant filed its motion to disregard certain answers of the jury and for judgment non obstante veredicto, which was overruled by the court, and judgment was entered only for the plaintiff, O. P. Leonard, for $3,998.00, the other plaintiffs having no interest in the land, cattle, or ranch operations at any time material to the suit. No motion for new trial was filed in view of the motion to disregard certain answers of the jury and for judgment non obstante veredicto, and defendant has perfected this appeal.

As the only parties to this appeal are Texaco, Inc., appellant, and O. P. Leonard, appellee, they will hereafter be designated as appellant and appellee.

Appellant contends that appellee's original suit and cause of action was barred by the two-year statute of limitation or in the alternative that the cause of action alleged for the first time on March 8, 1965, (by the first trial amendment) was not protected by Article 5539b, Vernon's Ann.Civ. St. and was barred by the two-year statute when pleaded.

Article 5539b, V.A.C.S. passed in 1931, reads as follows:

"Whenever any pleading is filed by any party to a suit embracing any cause of action, cross-action, counter-claim, or defense, and at the time of filing such pleading such cause of action, cross-action, counterclaim, or defense is not subject to a plea of limitation, no subsequent amendment or supplement changing any of the facts or grounds of liability or of defense shall be subject to a plea of limitation, provided such amendment or supplement is not wholly based upon and grows out of a new, distinct or different transaction and occurrence. * * *"

The appellee contends that the cause of action alleged in his first amended petition was not wholly based upon and did not wholly grow out of a new, distinct or different transaction and occurrence from that alleged in the original petition; the parties were identical, the land was identical and the time of the transactions was identical. He further contends that there was but one entry upon the land and one seismic operation conducted by appellant and there was no wholly new, distinct or different transaction and occurrence. He also contends that the filing of plaintiffs' original petition tolled the statute of limitations as to all causes of action arising out of the appellant's seismic operation, and thus his first trial amendment was not barred by limitation by virtue of Article 5539b.

In view of the agreement by the appellant with appellee's attorney on May 19, 1961, to waive the statute of limitation from May 16, 1961, until the parties could meet and discuss the matter, which meeting occurred on June 19, 1961, we hold that appellee's original petition was timely filed and was not barred by limitation.

Therefore, the controlling question here is: Does the first trial amendment seeking for the first time to recover upon an alleged contract between the parties that the appellant would pay to the appellee *any* and *all* damages caused him resulting from the seismograph operations, present a new cause of action based upon and growing "out of a new, distinct or different transaction and occurrence" from that stated in the original petition. It is obvious that under appellee's original petition, he sought a recovery *only* for damages resulting from appellant's *negligent conduct* in its seismic operations and the *use of more of the surface than was reasonably necessary for such operation.*

In Hopper v. Hargrove, 154 S.W.2d 978, (Tex.Civ.App., Texarkana) 1941, writ ref., wherein Justice Hall, speaking for that court, said:

" * * * 'It is not sufficient', as stated in Phoenix Lbr. Co. v. Houston Water

Co., 94 Tex. 456, 61 S.W. 707, 709, by the Supreme Court, 'that the causes of action be similar in their nature, but they must be essentially identical. Four tests are laid down by which to determine the identity of causes of action: (1) Would a recovery had upon the original bar a recovery under the amended petition? (2) Would the same evidence support both of the pleadings? (3) Is the measure of damages the same in each case? (4) Are the allegations of each subject to the same defenses?' * * *"

These four tests of determining whether an amended pleading states a new cause of action have not been overruled insofar as we have been able to ascertain.

The Hopper case was followed in Lubbering v. Ellison, 342 S.W.2d 796, (Tex. Civ.App., San Antonio) 1961, n. w. h.

When the above rules are applied to the facts of this case, even as ameliorated by Article 5539b, it becomes clear that the cause of action stated in appellee's first trial amendment is a new cause of action from that stated in appellee's original petition because:

(1) A recovery upon appellee's original petition or cause of action would not bar a recovery under his first trial amendment.

(2) The same evidence which would support the allegations of negligence and use of more of the surface than reasonably necessary would not support the allegations of the contract alleged in his first trial amendment.

(3) The measure of damages sought in the original petition and the first trial amendment are not the same.

(4) The allegation of the oral contract contained in the first trial amendment is not subject to the same defenses as the allegations of negligence and use of more of the surface than reasonably necessary contained in the original petition.

The causes of action alleged in the original and first amended petition were in tort, a cause of action *ex contractu* was first alleged in the second amended petition but not only was the cause of action changed from tort to contract by the filing of the second amended original petition, but a new and different contract was alleged in the first trial amendment from the one that was alleged in the second amended petition.

It is our holding that appellee's first trial amendment is "wholly based upon and grows out of a new, distinct and different transaction and occurrence," and the running of limitation as to said trial amendment was not tolled by the filing of the original petition.

In view of our disposition of this case, it is unnecessary for us to dispose of other points of error presented by the appellant.

Judgment reversed and rendered for appellant.