**William C. STONE, Appellant,**

v.

**Howard BROWN, Administrator of the Estate of Warren S. McCright, Deceased, Appellee.**

No. 8925.

Court of Civil Appeals of Texas, Texarkana.

July 14, 1981.

Rehearing Denied Aug. 4, 1981.

Robert W. Littrell, Atchley, Russell, Waldrop & Hlavinka, Texarkana, for appellant.

Raymond W. Jordan, Hubbard, Patton, Peek, Haltom & Roberts, Texarkana, for appellee.

BLEIL, Justice.

This is a trespass to try title action in which the Estate of Warren S. McCright, Deceased, was awarded an undivided one-half interest in a 15.727 acre tract of land. William C. Stone has perfected this appeal from the judgment of the trial court.

The only issue on this appeal is whether the third amended petition filed in this case related back to the date of the filing of the original petition. If so, the trial court's judgment is correct; otherwise, the recovery of the one-half interest would be barred

by the 10-year statute of limitations. We affirm.

In June of 1967, Warren S. McCright and Willie Mitchell McCright made an oral gift of a 15.727 acre tract of land to William C. Stone. In July of that year Stone entered upon the land and began possession. The recital of certain factual matters concerning heirship and the tolling of limitations due to the deaths of the original owners of this land are not necessary to the decision of this appeal. Therefore, these facts are omitted from this opinion.

On November 3, 1978, William Stone filed for record an affidavit of adverse possession indicating that he had adversely possessed the land for more than 10 years. The heirs of Warren S. McCright filed this suit in April of 1979 to remove the cloud on the title to the tract covered by the affidavit. Stone counterclaimed on the basis of an oral gift from the McCrights and the 10-year statute of limitations. Before the trial the lawyers discovered that an error had been made in the legal description of the 15.727 acre tract of land. The estate then filed its third amended petition on June 25, 1980, the date of trial. A correct property description was included in that petition.

If the filing of the original petition, in April of 1979, tolled the running of the statute of limitations then the trial court's judgment is proper. However, if limitations were not tolled until June 25, 1980, when the third amended petition was filed, then the trial court erred in entering judgment.

The jury found in favor of William C. Stone on the issues of an oral gift and 10 years adverse possession. The trial court held that the filing of the third amended petition related back to the filing of the first petition and entered a judgment non obstante veredicto awarding each of the parties an undivided one-half interest in the 15.727 acre tract of land.

It is the contention of Appellant Stone that the third amended original petition, which correctly set forth the property which had been incorrectly described in the prior petitions, does not relate back to the date of the filing of the original petition because the amended petition is based upon and grows out of a new, distinct, and different transaction or occurrence. Article 5539b, Tex.Rev.Civ.Stat.Ann., entitled "Limitations as affecting amended and supplemental pleading" goes to the heart of this appeal.[1] It provides that ordinarily when a suit is filed, if it is not subject to a plea of limitation at that time, no subsequent amendment shall be subject to a plea of limitation unless it is wholly based upon and grows out of a new, distinct or different transaction and occurrence. It further provides that if there are new or different facts alleged then the court may postpone or continue the cause as justice may require.

In this case, the different facts which were alleged dealt only with the property description. In each of the petitions a 15.-727 acre tract of land was sought. In the correct description found in the third amended original petition the critical difference in the property description was the point of beginning. In the prior pleadings, the point of beginning was a certain distance from the northwest corner of the W. S. Thompson Headright Survey in Bowie County, Texas. In the trial pleadings, the point of beginning was a certain distance from the northeast corner of that Survey. Thus the 15.727 acre tract was shifted so that a different tract of land was sought to be recovered.

1. "Art. 5539b. Limitations as affecting amended and supplemental pleading

"Whenever any pleading is filed by any party to a suit embracing any cause of action, cross-action, counterclaim, or defense, and at the time of filing such pleading such cause of action, cross-action, counterclaim, or defense is not subject to a plea of limitation, no subsequent amendment or supplement changing any of the facts or grounds of liability or of defense shall be subject to a plea of limitation, provided such amendment or supplement is not wholly based upon and grows out of a new, distinct or different transaction and occurrence. Provided, however, when any such amendment or supplement is filed, if any new or different facts are alleged, upon application of the opposite party, the court may postpone or continue the case as justice may require."

The test under Article 5539b, Tex. Rev.Civ.Stat.Ann., to determine whether an amended pleading relates back to the filing of the original pleading for the purpose of tolling the statute of limitations is set forth in *Leonard v. Texaco, Inc.*, 422 S.W.2d 160 (Tex.1967). This test is whether the cause of action alleged in the amended petition is " ... wholly based upon and grows out of a new, distinct or different transaction and occurrence ...." A reading of the statute and *Leonard v. Texaco, Inc.*, leads us to conclude that the trial court correctly held the third amended original petition related back to the filing of the first petition. While we agree with Mr. Stone that the suit is for a different tract of land, it plainly is not one which is wholly based upon or growing out of a new, distinct or different transaction and occurrence.

Appellant Stone cites *Schoonmaker v. Clardy*, 244 S.W. 124 (Tex.Com.App.1922, judgmt. adopted), and *Hopper v. Hargrove*, 154 S.W.2d 978 (Tex.Civ.App.—Texarkana 1941, writ ref'd), in support of his position. *Schoonmaker* was factually similar and dealt with an amended petition having a property description with a different point of beginning, as in this case. It held that limitations would run up until the filing of a trial amendment because the amendment set forth a new cause of action to the extent that the two tracts of land did not overlap. *Schoonmaker* clearly supports the appellant's argument, however, it was decided prior to the enactment of Article 5539b, in 1931.

Article 5539b no longer addresses the question of whether the amended petition is based upon a difference in a cause of action but concerns whether it is wholly based upon or grows out of a new, distinct or different transaction and occurrence. *Leonard v. Texaco, Inc.* plainly discarded the change of cause of action theory relied upon in *Schoonmaker.*

Appellant further relies upon the case of *Hopper v. Hargrove*, supra. That case, decided in 1941 after the enactment of Article 5539b, held that the amended pleading alleged a cause of action wholly based upon and growing out of a new, distinct and different transaction when the amended pleading sought to recover three tracts of land rather than four, and one of the three tracts was an entirely new tract of land not previously referred to as a part of the homestead property sought to be recovered. *Hopper v. Hargrove*, to the extent it supports Appellant Stone's argument, is not controlling. In *Leonard*, the Supreme Court held, "The test under Article 5539b as amended in 1931 is no longer based upon a difference in causes of action declared upon in the original and amended petitions and the expressions contained in *Hopper v. Hargrove*, supra, indicating the contrary must be disapproved ...."

Appellant emphasizes that land is a unique property and that the 15.727 acre tracts of land described in the petitions were completely different tracts of land, each unique in its own way. This assertion simply does not reach the issue in question. The third amended petition, while describing a different tract of land, sought title to 15.727 acres of land alleged to be wrongfully held and occupied by Stone at the same time and place. The trial petition is not wholly based upon or growing out of a new, distinct, or different transaction and occurrence. The trial court correctly held that the amended trial pleading was not subject to a plea of limitation.

We affirm the judgment of the trial court.

CORNELIUS, Chief Justice, concurring.

I agree with the result reached by Justice Bleil's opinion, but for a different reason. I recognize that *Schoonmaker v. Clardy*, 244 S.W. 124 (Tex.Com.App.1922, judgment adopted), was decided prior to the amendment of Tex.Rev.Civ.Stat.Ann. art. 5539b and at a time when the "different cause of action" test was dispositive of the limitation issue. I believe, however, that even under the "new, distinct or different transaction" test which now applies, the description in an amended trespass to try title petition of an entirely different tract of land from that described in the previous pleadings would

constitute a declaration upon a new, distinct and different transaction. Nevertheless, that need not change the result here, because the appellant and the appellee, when the error in the description was discovered, entered into a written stipulation by which they agreed that the tract as described in the amended pleading was the same tract of land claimed by both of them and which was the subject of the lawsuit, both under the original and the amended pleadings. Having so stipulated, appellant will not now be heard to say otherwise, and contend that the amended pleading pertained to a new, distinct or different matter from the first.